**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| HUDSON CAPITAL, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ILLINOIS UNION INSURANCE | § | |
| COMPANY, CHUBB USA CLAIMS, | § | Civil Action No. _19-4413_____ |
| CHUBB NORTH AMERICAN CLAIMS, | § | |
| APEX TITAN, INC., APEX COMPANIES, | § | |
| LLC, CLINTON S. JECH, DARREN G. | § | |
| BOWDEN, AND DANIEL A. | § | |
| PENALOZA, | § | |
| | § | |
| Defendants. | § | |

**NOTICE OF REMOVAL OF DEFENDANT ILLINOIS UNION INSURANCE**
**COMPANY**

NOW COMES Defendant Illinois Union Insurance Company ("Defendant Illinois
Union"), and improperly-named Defendants Chubb USA Claims and Chubb North American
Claims,[1] and pursuant to 28 U.S.C. § 1441 and § 1446, files this Notice of Removal of the above
captioned cause to the United States District Court for the Southern District of Texas, Houston
Division, and in support respectfully shows the Court the following:

On October 11, 2019, Defendant Illinois Union was served with Plaintiff's Original
Petition, ("Original Petition") by Hudson Capital, LLC ("Plaintiff"), styled *Hudson Capital, LLC
v. Illinois Union Insurance Company, et al.,* which was filed in the 400th Judicial District Court
of Fort Bend County, Texas, and docketed as Cause No. 16-DCV-2866611.  A true and correct
copy of the Original Petition is attached as Exhibit A.  Defendant Illinois Union's Answer to the

---

[1] Chubb USA Claims and Chubb North American Claims are not legal entities that can be sued.

Original Petition was filed on November 8, 2019. A true and correct copy of the Answer is attached hereto as Exhibit B. A true and correct copy of the State Court Docket Sheet is attached hereto as Exhibit C.

**A.     This Case is Removable Under 28 U.S.C. § 1332**

This matter is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and which may be removed to this Court by Defendant Illinois Union pursuant to the provision of 28 U.S.C. § 1441, in that it is a civil action between citizens of different states and, based upon a review of the allegations contained in the Original Petition, the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

**1.     The Amount-in-Controversy Requirement is Satisfied**

When a plaintiff seeks monetary relief and demands an amount that exceeds the minimum jurisdictional amount of $75,000, excluding interest and costs, the defendant can rely on that demand to meet the jurisdictional requirement. *See* 28 U.S.C. § 1446(c)(2). Here, Plaintiff seeks monetary relief "greater than $1,000,000.00." *See* Exhibit A, Original Petition. Thus, Plaintiff's Original Petition clearly alleges damages in excess of the amount in controversy requirement, satisfying this requirement for diversity jurisdiction.

**2.     Complete Diversity Exists Between Plaintiff and Defendant Illinois Union**

Plaintiff Hudson Capital, LLC is a limited liability company doing business in the state of Texas. The sole managing member is Ben Hudson, whose address is 4101 Texas Wildlife Trail Austin, TX 78735, and is thus a resident of Texas. Accordingly, Plaintiff Hudson Capital, LLC is a citizen of Texas for purposes of determining diversity.

Defendant Illinois Union is and at all material times has been an Illinois Corporation, with its principal place of business in Pennsylvania. For purposes of diversity jurisdiction, the

citizenship of a corporation is the state where it is incorporated and the state where it has its principal place of business. *See* 28 U.S.C. 1332(c)(1). As mentioned in footnote 1, Defendants Chubb USA Claims and Chubb North America Claims are not legal entities and cannot be sued, and thus have no citizenship. All of the other defendants—Apex Titan, Inc., Apex Companies, LLC, Clinton S. Jech, Darren G. Bowden and Daniel A. Penaloza—(collectively, the "Consultant Defendants") are improperly joined to this suit.

Diversity exists here because the only properly joined defendant, Defendant Illinois Union, is not a citizen of Texas, and the only Plaintiff, Hudson Capital, LLC, is a citizen of Texas. Thus, there is complete diversity between Plaintiff, a Texas citizen, and Defendant Illinois Union, an Illinois and Pennsylvania citizen.

### a.    All Defendants were Improperly Joined with the Exception of Defendant Illinois Union

When defendants are fraudulently joined, their citizenship must be ignored for removal purposes. *See, e.g., Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001) (fraudulent joinder of a non-diverse defendant will not operate to defeat diversity jurisdiction); *see also Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259-64 (5th Cir. 1995) (finding fraudulent joinder of non-diverse agent in insurance case when no claim could be stated against the agent as a matter of governing state law). A defendant is improperly joined if "there is no reasonable basis for predicting that plaintiff might establish liability . . . against the in-state defendants" on the pleaded claims in state court. *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 393 (5th Cir. 2000) (the "mere assertion of metaphysical doubt as to the material facts i[s] insufficient" to establish reasonable basis for predicting recovery under state law) (quoting *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 816 (5th Cir. 1993) (internal quotation marks omitted)); *accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312, 328-29 (5th Cir. 2002)

(possibility of liability must be reasonable, not merely "theoretical").  Texas federal courts agree that "[t]he joinder of a local claims adjuster in a [Texas] state court action against a non-citizen insurance company in an attempt to avoid federal court jurisdiction apparently has become a popular tactic." *Gonzalez v. State Farm Lloyds*, 4:15–CV–305–A, 2015 WL 3408106, at *3 (N.D. Tex. May 27, 2015); *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 949–50 (S.D. Tex. 2016).

Where "there is no reasonable basis for predicting that the plaintiffs might establish liability in their [state law claims]" against the non-diverse defendant, the joinder of that defendant is fraudulent and is disregarded in the diversity calculus.  *Badon v. R.J.R. Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir. 2000).  In determining whether a plaintiff has a "reasonable basis" for recovery under state law, a court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 576 (5th Cir. 2004) (en banc), cert. denied, 125 S. Ct. 1825 (2005).  Thus, to determine whether there was a fraudulent joinder, the party seeking removal must conduct a Rule 12(b)(6) analysis of each claim against only the alleged improperly joined parties.

Here, Plaintiff has made three claims against the Consultant Defendants: (1) Violation of the Texas Insurance Code; (2) Fraud; and (3) Conspiracy to Commit Fraud.  Based upon the allegations made against the improperly joined Defendants, which are the Consultant Defendants, there is no reasonable basis for predicting that Plaintiff could succeed against these defendants at trial.  Each claim is analyzed below.

i.      **Alleged Violation of the Texas Insurance Code**

None of Plaintiff's three claims under Tex. Ins. Code § 541.060 are viable.  First, the Texas Insurance Code applies to "persons", which means "an individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster, or life and health insurance counselor."  *See* Tex. Ins. Code § 541.002.  The Consultant Defendants, as third-party consultants, do not fit within this definition.

Even if the Consultant Defendants were deemed to be adjusters who are subject to individual liability under the Texas Insurance Code, "for an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage." *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014); *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 949–50 (S.D. Tex. 2016).  Plaintiff does not allege that the Consultant Defendants committed acts prohibited by the Texas Insurance Code, but rather, they connect the Consultant Defendant's reports and estimates to the coverage position of Defendant Illinois Union.  Simply put, Plaintiff fails to allege that any of the Consultant Defendants are "persons" as defined by the Texas Insurance Code or that they otherwise engaged in the business of insurance such that they would be subject to liability under the Texas Insurance Code.

Plaintiff's first claim is that the Consultant Defendants violated Tex. Ins. Code § 541.060(a)(1), which prohibits "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue."  But Plaintiff does not allege actual misrepresentation by the Consultant Defendants to Plaintiff.  Moreover, the statements in Plaintiff's allegations do not "relate[ ] to coverage at issue." Rather, Plaintiff states that their reports are "unreasonable and

improper," and such statements, without more, are not violations of the Texas Insurance Code. *See* Exhibit A, Original Petition.  The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage.

The allegations state that the Consultant Defendants merely carried out the duties of their job, not that they made misrepresentations to Plaintiff about a material fact or policy provision relating to coverage.  To be successful on this claim, Plaintiff would have to properly allege that the Consultant Defendants represented to Plaintiff that it "would receive a particular kind of policy that it did not receive" or was "denied coverage against loss under specific circumstances that it previously had represented would be covered." *U.S. Fire Ins. Co. v. Confederate Air Force*, 16 F.3d 88, 91 (5th Cir.1994) (citing *Parkins v. Tex. Farmers Ins. Co.*, 645 S.W.2d 775, 776–77 (Tex.1983); *Emp'rs Casualty Co. v. Fambro*, 694 S.W.2d 449, 452 (Tex. Ct. App. 1985)).  Here, the misrepresentation is not about the breadth or existence of coverage, it is about the facts that gave rise to the policy claim.  This is not the type of misrepresentation that § 541.060(a)(1) protects against.  *Messersmith*, 10 F. Supp. 3d at 724.

The second claim is that the Consultant Defendants violated Tex. Ins. Code § 541.060(a)(2), which prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement" of claims where the insurer's liability is reasonably clear. In essence the section forces insurance companies to pay a claim when the evidence is "reasonably clear" that it must.  However, the Consultant Defendants cannot be held liable under this section because, as consultants, they never had settlement authority on behalf of Defendant Illinois Union; their only role was to assess property damage resulting from a covered loss. *Messersmith*, 10 F. Supp. 3d at 724.  Consequently, this claim fails as well.

The third claim is that the Consultant Defendants violated Tex. Ins. Code § 541.060(a)(3), which prohibits "failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim."  Like the previous claim, the bad behavior that the statute targets is an insurer's refusal to pay or settle under certain circumstances. *Messersmith*, 10 F. Supp. 3d at 724.  Those who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the persons responsible for conducting the investigation. *Id*.

Thus, while agents can be liable under the Texas Insurance Code, all of the provisions that Plaintiff cites prohibit behavior that the Consultant Defendants did not partake in.  Indeed, for an adjuster or agent to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage. *Messersmith*, 10 F. Supp. 3d at 724.  Thus, there is no valid claim under the Texas Insurance Code against the Consultant Defendants and therefore, they are improperly joined parties.

### ii.    Alleged Fraud and Conspiracy to Commit Fraud Claims

The only other two claims that Plaintiff brings against the Consultant Defendants are for common law fraud and conspiracy to commit fraud, which Plaintiff brings generally against all Defendants.  The allegations for both for fraud and conspiracy to commit fraud are conclusory and fail to allege any facts to state a claim for relief that is plausible on its face.[2]

First, a fraud claim has a heightened pleading standard.  The Federal Rules of Civil Procedure require that "[i]n alleging fraud or mistake, a party must state with particularity the

---

[2] Though the pleading regarding the fraud claims is generally defective as to all Defendants, for purposes of this Notice of Removal, we address here only those claims asserted against the Consultant Defendants without waiving the right of Defendant Illinois Union to challenge and/or seek dismissal of these claims at a later time.

circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  A dismissal for failure to plead with particularity as required by this rule is treated the same as a Rule 12(b)(6) dismissal for failure to state a claim.  *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996); *see also Dalton*, 2013 WL 3157532, at *2 (stating that a fraud claim against an adjustor "must satisfy the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b)").  As stated above, the standard in determining whether a claim is viable for purposes of improper joinder are equivalent to a Rule 12(b)(6) motion.  Thus, because Plaintiff fails to plead with particularity the circumstances of fraud as to the Consultant Defendants, which would result in a Rule 12(b)(6) dismissal, there is no basis for liability against the improperly joined defendants.

The Original Petition merely lays out the law of fraud and conspiracy under Texas law, and does not offer facts to support any claims.  Even looking to the background section of the Original Petition for support of these claims against the Consultant Defendants, Plaintiff still fails to support its conclusory claims.  While the background section mentions the Consultant Defendants by name multiple times, when analyzed closely, Plaintiff does not actually attribute wrongdoing to any of them.  Rather, the alleged wrongdoing is attributed to Defendant Illinois Union (and other non-existent Chubb entities).  Plaintiff's statements attributed to the Consultant Defendants are essentially descriptions of them doing their job, which was estimating damages.  The fact that Plaintiff did not agree with their assessments does not mean their actions violated Texas law.

Plaintiff states that Defendant Illinois Union ratified two of the Consultant Defendants' "unreasonable and improper 'adjustment,'" but gives no reason or facts supporting why the adjustment was either unreasonable or improper.  *See* Exhibit A, Original Petition.  In another part, Plaintiff states that the Carrier Defendants cited the TITAN Assessment for "pretextual

justification" in making its position of coverage for the claim, which it calls "unreasonable." *See* Exhibit A, Original Petition.  However, these allegations are not allegations of fraud or conspiracy to commit fraud, and Plaintiff proffers no connection between the acts of the improperly-joined defendants and how they could possibly rise to fraud or conspiracy to commit fraud.

Plaintiff wholly fails to state with particularity the circumstances constituting the Consultant Defendant's alleged fraud; as such, Plaintiff's fraud and conspiracy to commit fraud claims would not survive a 12(b)(6) motion, and thus Plaintiff does not have a possibility of recovering under these theories against the improperly joined defendants. *Garcia v. Allstate Texas Lloyd's*, No. 2:16-CV-285, 2017 WL 3283936, at *3 (S.D. Tex. Jan. 25, 2017)

Plaintiff fails to state any viable claim against the Consultant Defendants.  Because Plaintiff has no reasonable possibility of recovering against the Consultant Defendants, they are fraudulently joined and removal is proper.

**B.     All Procedural Requirements if Removal Have been Met**

**1.     Timely Removal**

This Notice is timely filed pursuant to 28 U.S.C. § 1446 as it is being filed within 30 days of Defendant Illinois Union being served, which occurred on October 14, 2019.

**2.     Consent**

28 U.S.C. § 1441(b) does not bar removal.  Defendant Illinois Union need not obtain the consent of the Consultant Defendants.  It is well-settled that co-defendants who are fraudulently joined need not join in the removal.  *See Jernigan v. Ashland Oil Inc.* 989 F.2d 812, 815 (5th Cir. 1993); *Durove v. Fabian Transp. Inc.*, No. 04 Civ. 7000 (RJH), 2004 U.S. Dist. LEXIS 25258, *3 n. 5 (S.D.N.Y. Dec. 14, 2004).

**3.      Proper Venue**

The United States District Court for the Southern District of Texas, Houston Division, embraces the County of Fort Bend, where the state court action is now pending.  Therefore, this Court is proper venue for this action pursuant to 28 U.S.C. §§ 124(d)(3) and 1441(a).

**4.      Notice of Filing**

In accordance with 28 U.S.C. § 1446(d), a true and correct copy of Defendant Illinois Union's Notice of Removal will be filed with the District Clerk for the District Court of Fort Bend County and served on all parties.

**Prayer for Relief**

WHEREFORE, Defendants pray that the action now pending in the 400th Judicial District Court, Fort Bend County, Texas, as described herein be removed to the United States District Court for the Southern District of Texas, Houston Division.

Dated: November 8, 2019

*/s/ Daniel McNeel Lane, Jr.*

Daniel McNeel Lane, Jr.
State Bar No.  00784441
neel.lane@nortonrosefulbright.com
Frost Tower
111 W. Houston Street, Suite 1800
San Antonio, TX  78205
Telephone:     (210) 224-5575
Facsimile:      (210) 270-7205

ATTORNEYS FOR ILLINOIS UNION INSURANCE COMPANY

- 10 -

## <u>CERTIFICATE OF SERVICE</u>

This pleading, Notice of Removal of Defendants Illinois Union Insurance Company, was

served in compliance with Rule 5 of the Federal Rules of Civil Procedure by electronic service, on

November 8, 2019:

Andrew C. Cook                          Sean H. McCarthy
The Cook Law Firm, PLLC                 Williams Hart Boundas Easterby, LLP
7324 Southwest Freeway, Suite 585       8441 Gulf Freeway, Suite 600
Houston, Texas 77074                    Houston, Texas 77017
acc@texinsurancelaw.com                 smccarthy@whlaw.com

*/s/ Daniel McNeel Lane, Jr.*

Daniel McNeel Lane, Jr.