# EXHIBIT A

Filed
9/12/2019 4:18 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Autumn Dolnik

**19-DCV-266611**

CAUSE NO. _____

| | | |
|---|---|---|
| HUDSON CAPITAL, LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| ILLINOIS UNION INSURANCE | § | |
| COMPANY, CHUBB USA CLAIMS, CHUBB | § | |
| NORTH AMERICAN CLAIMS, APEX | § | |
| TITAN, INC., APEX COMPANIES, LLC, | § | Fort Bend County - 400th Judicial District Court |
| CLINTON S. JECH, DARREN G. | § | |
| BOWDEN, and DANIEL A. PENALOZA, | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Hudson Capital, LLC (hereinafter, "Hudson") files this, its Original Petition against Defendants Illinois Union Insurance Company, CHUBB USA Claims, CHUBB North American Claims, Apex TITAN, Inc., Apex Companies, LLC, Clinton S. Jech, Darren G. Bowden, and Daniel A. Penaloza and would show as follows:

## DISCOVERY LEVEL

1. Plaintiff intends that this case be governed by Discovery Level 3 and, pursuant to Rule 190.4(a) of the Texas Rules of Civil Procedure, hereby requests that this Court—upon answer and appearance of all Defendants named herein—enter a discovery control plan tailored to the circumstances specific to this suit.

## PARTIES

2. Hudson is a limited liability company lawfully doing business in the State of Texas, and is the first named insured and operator of The Palms at Cinco Ranch ("The Palms"), which is located on real property in Texas at 23600 FM 1093 in Richmond, Fort Bend County, Texas 77406. The Palms

is a multi-building, multi-unit apartment and condominium community operated by Hudson Capital, LLC, which possesses ownership interest in The Palms.

3.  Illinois Union Insurance Company ("Illinois Union") is an Illinois corporation with its principal place of business in Pennsylvania.  Pursuant to §804.201 of the Texas Insurance Code, Defendant Illinois Union may be served with process in this action by serving the Texas Commissioner of Insurance, Texas Department of Insurance, 333 Guadalupe, Austin, Texas 78701 as Illinois Union's agent for service of process, along with notice and request to the Insurance Commissioner that process then be mailed to: Mr. Paul Bech, Esq., Assistant General Counsel, CHUBB, 436 Walnut Street, Philadelphia, PA 19106-3703, who is Defendant Illinois Union's designee for receipt of same.

4.  CHUBB USA Claims is, upon information and belief, a third-party claims handling company engaged—at the direction and on the behalf of Defendant Illinois Union—in the adjustment of insurance claims in the State of Texas and, specifically, the insurance claim at issue in this suit. Defendant CHUBB USA Claims may be served with process in this action via certified mail: CHUBB Environmental Risk Claims Manager, CHUBB USA Claims, P.O. Box 5103, Scranton, PA 18505-0510.

5.  CHUBB North American Claims is, upon information and belief, a third-party claims handling company engaged—at the direction and on the behalf of Defendant Illinois Union— in the adjustment of insurance claims in the State of Texas and, specifically, the insurance claim at issue in this suit.  Defendant CHUBB North American Claims may be served with process in this action via certified mail: CHUBB North American Claims - Environmental, 10 Exchange Place, 9th Floor, Jersey City, NJ 07302.

6.  Apex TITAN, Inc. is, upon information and belief, a third-party consulting company which did engage—at the direction and on the behalf of Defendant Illinois Union— in the assessment of this

insurance claims in the State of Texas and, specifically, the insurance claim at issue in this suit. Defendant Apex TITAN, Inc. may be served with process in this action by serving Registered Agent Solutions, Inc., 1701 Directors Blvd., Suite 300, Austin, TX 78744 as Apex TITAN, Inc.'s agent for service of process.

7. Apex Companies, LLC is, upon information and belief, a third-party consulting company which did engage—at the direction and on the behalf of Defendant Illinois Union— in the assessment of this insurance claims in the State of Texas and, specifically, the insurance claim at issue in this suit. Defendant Apex Companies, LLC may be served with process in this action by serving Registered Agent Solutions, Inc., 1701 Directors Blvd., Suite 300, Austin, TX 78744 as Apex Companies, LLC's agent for service of process.

8. Clinton S. Jech (Defendant "Jech") is an individual residing in and domiciled in the State of Texas. Defendant Jech may be served with personal process, by process server, at his place of residence at ███████████████████████████████

9. Darren G. Bowden ("Defendant Bowden") is an individual residing in and domiciled in the State of Texas. Defendant Bowden may be served with personal process, by process server, at his place of residence at ███████████████████████████████

10. Daniel A. Penaloza ("Defendant Penaloza") is an individual residing in and domiciled in the State of Texas. Defendant Penaloza may be served with personal process, by process server, at his place of residence at ███████████████████████████████

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this cause of action because it involves an amount in controversy within the Court's jurisdictional authority.  Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Hudson seeks monetary relief greater than $1,000,000.00.

12. This Court has personal jurisdiction over Illinois Union because Illinois Union is an eligible surplus lines insurer engaged in the business of insurance in the State of Texas and Hudson's causes of action arise out of Illinois Union's wrongful acts and omissions in its conduct of the business of insurance within this State.

13. This Court has personal jurisdiction over CHUBB USA Claims because CHUBB USA Claims is engaged in the business of insurance in the State of Texas and Hudson's causes of action arise out of CHUBB USA Claims' wrongful acts and omissions in its conduct of the business of insurance within this State.

14. This Court has personal jurisdiction over CHUBB North American Claims because CHUBB North American Claims is engaged in the business of insurance in the State of Texas and Hudson's causes of action arise out of CHUBB North American Claims' wrongful acts and omissions in its conduct of the business of insurance within this State.

15. This Court has personal jurisdiction over Apex TITAN, Inc. because Apex TITAN, Inc.—with respect to the claim at bar—engaged  in the business of insurance in the State of Texas and Hudson's causes of action arise out of Apex TITAN, Inc.'s wrongful acts and omissions in its conduct of the business of insurance within this State.

16. This Court has personal jurisdiction over Apex Companies, LLC because Apex Companies, LLC is a foreign company engaged in the business of insurance in the State of Texas and Hudson's causes of action arise out of Apex Companies, LLC's wrongful acts and omissions in its conduct of the business of insurance within this State.

17. This Court has personal jurisdiction over Clinton S. Jech because he engaged in the business of adjusting Plaintiff's insurance claim in the State of Texas, and Hudson's causes of action arise out of Defendant Jech's business activities in the State of Texas.

18. This Court has personal jurisdiction over Darren G. Bowden because he engaged in the business of adjusting Plaintiff's insurance claim in the State of Texas, and Hudson's causes of action arise out of Defendant Jech's business activities in the State of Texas.

19. This Court has personal jurisdiction over Daniel A. Penaloza because he engaged in the business of adjusting Plaintiff's insurance claim in the State of Texas, and Hudson's causes of action arise out of Defendant Jech's business activities in the State of Texas.

20. Venue is proper in Fort Bend County, Texas under §§ 15.002(a)(1) and 15.032 of the Texas Civil Practice & Remedies Code because all or a substantial part of the events or omissions giving rise to the suit occurred in Fort Bend County. Specifically, the insured property (The Palms) is located in Fort Bend County, and both the covered loss as well as Defendants' adjustment of Hudson's ensuing insurance claim occurred in Fort Bend County.

## FACTUAL BACKGROUND

21. The Palms at Cinco Ranch ("The Palms") is an apartment and condominium community located at 23600 FM 1093 in Richmond, Fort Bend County, Texas 77406. The Palms consists of 14 freestanding apartment buildings (including leasing office/clubhouse) as well as no less than six additional free-standing enclosed buildings such as garages and storage buildings.

22. After making landfall on the Texas coast on or about August 25, 2017, Hurricane Harvey moved slowly inland and northeasterly, dumping an historic amount of rainfall throughout Southeast Texas, including the area where The Palms is located. The unprecedented rains led to widespread flooding throughout the area and, on or about August 31, 2017, The Palms proved no exception.

23. Of the 14 larger buildings on-site, 13 experienced some amount of floodwater incursion. Nearly all of the first-floor units, garages and community areas at The Palms experienced some amount of floodwater incursion. In many instances, very little water came in and the entirety of the flooding at The Palms was short-lived and was gone within 24 hours from first appearance.

24. The water intrusion itself caused only minor damage to the Property, none of which was structural nor a significant causal factor in the costly repairs that would soon be necessary, much less the business interruption losses these repairs would, in turn, lead to.  Given this, as well as the fact that the Policy here at issue provides coverage for "Pollution Conditions" and "Indoor Environmental Conditions," but not rising water, Hudson did not file a claim on the Illinois Union Insurance Company Policy during the brief flood event at The Palms.

25. That said, very soon after the floodwater receded, residents and building management discovered enormous, and rapidly-expanding and multiplying, areas of apparent mold, fungi, and spore contamination, as well as the noxious stench of grossly-contaminated floodwater and untreated wastewater, throughout the buildings and structures that experienced even the slightest amount of floodwater incursion.

26. Upon discovery of this condition (which rapidly, and exponentially worsened until remediation efforts began) Hudson Capital, LLC—the Named Insured under Illinois Union Insurance Company Premises Pollution Liability Portfolio Insurance Policy PPI G2815186A 002 ("the Policy")—immediately reported its claim for covered loss under the Illinois Union Policy.

27. On September 12, 2017, Rachel Schulman, Claims Director with CHUBB North American Claims – Environmental, acknowledged the claim on behalf of Illinois Union and CHUBB by letter referencing the claim as "CHUBB Claim No.: KY17K2241239."

28. After receiving notice of the Claim, Illinois Union and CHUBB (upon information and belief) retained Apex TITAN, Inc. ("TITAN") to act as their agent/assign in adjusting the Claim. TITAN then assigned a series of purported "mold technicians" and "mold consultants" to investigate and adjust the Claim: Clinton Jech, Armando Flores, and Darren Bowden.

29. In their Damaged Material Assessment (the "TITAN Assessment"), dated September 29, 2017 (and signed by all three), Messrs. Jech, Flores and Bowden found that "each residential building was

6

affected by moisture intrusion with the exception of building number seven (7)" and "fifty-six of the sixty-two apartment units located on the first floor of the complex were affected by moisture intrusion." The TITAN Assessment noted that mold growth was observed on the following materials:

- Drywall
- Carpeting
- Baseboards
- Doors
- Back of cabinetry
- Clubhouse ceiling; and
- Pool mechanical room.

30. The TITAN Assessment concluded (in part) that: "the root cause of mold growth is likely the results [sic] of moisture intrusion / flooding and the inability to dry building materials within 48 hours of impact." This conclusion, along with the above-referenced discussion of moisture intrusion/flooding and subsequent mold growth—and more importantly, the unfounded assumptions common to both—provided Illinois Union (via CHUBB) its sole pretextual justification for the self-serving coverage decisions and outcome-oriented claims-handling practices that were soon deployed against Hudson, its insured.

31. In short, Illinois Union and CHUBB (collectively, the "Carrier Defendants") handled, adjusted, and eventually underpaid the Claim based upon the red herring proposition that water damage—i.e., property damage caused directly and solely by the physical presence of water alone—was the primary and predominant cause of Hudson's loss and cited the TITAN Assessment as their pretextual justification for this unreasonable position.

32. Setting aside the fact that Hudson never presented a claim for "flood damage"—as well as the fact that The Palms did not incur much, if any, damage solely or directly by force of the small amount of rising water intrusion experienced at the Property—Hudson cooperated in good faith with the Carrier Defendants' purported "investigation" of the Claim and provided the Carrier Defendants

with all requested documents and information which it either possessed or had reasonable access to at the time.

33. Then, having received Hudson's invoices, cancelled checks and other proofs of payment for repairs as well as the documentation reasonably requested and required for calculation of Hudson's business interruption loss, the Carrier Defendants claimed these documents and proofs lacked the specificity purportedly required in order for it to issue payment—any payment—on Hudson's covered loss.

34. At no time did the Carrier Defendants dispute coverage under the Policy for either "Pollution Conditions" or "Indoor Environmental Conditions."

35. Instead (and rather than—at any time—assigning a licensed Texas insurance adjuster to adjust the loss), the Carrier Defendants waited until December 11, 2017 to send a new "mold consultant," Daniel Penaloza II of Apex Companies, LLC ("Apex") to reinspect and purportedly adjust the covered loss.  The Carrier Defendants provided Penaloza with a selection of the documentation Hudson had provided in support of its Claim and covered losses, and based on his December 2017 site visit and review of the documents provided him by CHUBB, Penaloza concluded in his Microbial Consulting Services – Draft for Review, emailed to CHUBB and dated January 16, 2018, that "approximately 37.5 percent of the work (labor and materials) may have been related to mold remediation activities…".  Penaloza failed to provide any reasonable basis grounded in fact—and nothing at all by way of coverage analysis—to justify this conclusory assertion.

36. Nonetheless, in her January 26, 2018 Proposed Settlement Letter to Hudson, Rachel Schulman cites the Apex/Penaloza Microbial Consulting Services – Draft for Review as the basis for the Carrier Defendants' settlement offer of 40% of Hudson's remediation costs (40% of Hudson's [then] out-of-pocket repair costs of approximately $1,700,000.00), or $680,000.00.

37. Extrapolating from the fuzzy math that turned Hudson's $1,700,000.00 out-of-pocket covered loss into the Carrier Defendants' improper and unreasonable settlement offer of $680,000.00, Ms.

Schulman then applied the Apex/Penaloza 40% "mold vs. water factor" to Hudson's business interruption loss (which she capped at 5 months without explanation, reasonable or otherwise…) and arrived at an additional $150,000.00 offer for Hudson's business interruption loss. All told, and allowing for application of the Policy's $50,000.00 S.I.R., Schulman offered $780,000.00 to Hudson for "full resolution of the remediation costs/build back portion of this matter," and "total claim settlement."

38. Setting aside the groundless absurdity of the 40% Apex/Penaloza "mold vs. water factor," as well as the misrepresentations Schulman cites as support both for using it and for extending its application to limit Hudson's business interruption loss,[1] Schulman's *Proposed Settlement Letter*— as with all Claim-related correspondence to Hudson either before or since—wholly ignores what may be the most significant operative underlying fact this case presents.

39. Mold (i.e., an "Indoor Environmental Condition") is not the only peril covered under the Policy.

40. Under the Coverage A Insuring Agreement, Illinois Union agrees to pay: "'First-party claims' arising out of: 1) a 'pollution condition' on, at… a 'covered location'; 2) an 'indoor environmental condition' at a 'covered location'… provided the 'insured' first discovers such 'pollution condition' or 'indoor environmental condition' during the 'policy period.'"

41. Pollution condition is defined under the Policy as: "The discharge, dispersal, release, escape, migration or seepage of any solid, liquid…irritant, contaminant, or pollutant, including soil, silt, sedimentation, …chemicals, …hazardous substances, …waste materials… on, in, into or upon land and structures thereupon…"

---

[1]   1.) "Chubb had its consultant, [TITAN], to the site on September 7, 201[7]. At that time significant water damage was noted and minor mold conditions were observed." 2.) "Initially the units appear to have been vacant due to water damage." 3.) "Because the units affected sustained both water damages and had mold conditions we are using the same allocation of 40% to the business interruption claim."

9

42. As the TITAN Assessment itself points out, the very floodwater that Defendants point to as having somehow caused more than 60% of Hudson's damage (purportedly, by pure force of "dampness" alone…) is, by Defendants' on-site claim-handlers' own words, an explicitly covered peril under the Policy's "Pollution Condition" coverage prong because it was both "grossly contaminated" and a hazardous material:

> SEC. 2.3          OTHER HAZARDOUS MATERIALS
> "The Institute of Inspection, Cleaning and Restoration (IICRC) considers water damage originating from sea water, ground or surface water, rising rivers and streams, and wind-driven rain from hurricanes and tropical storms to be Category 3.  Category 3 is considered grossly contaminated water."
> - - -
> SEC. 3.1          CONCLUSIONS
> "Impacted areas are summarized in Sections 2.1 to 2.3.  It is not possible to differentiate "clean" flooding from environmentally impacted black water flooding based upon the IICRC's interpretation of Category 3 water."

43. Despite this fact, of which the Carrier Defendants had actual knowledge at the time all relevant Claim and coverage decisions were made, the Carrier Defendants never once analyzed this Claim in light of—nor sought coverage for the insured under—the "Pollution Condition" coverage prong in the Policy.

44. Conclusion 3.1 of the TITAN Assessment was never addressed or even noted in any of the Carrier Defendants' claim correspondence to Hudson, but was instead simply dismissed out-of-hand and ignored.  This inattention to (or purposeful, intentional ignorance of) the facts and authorities most relevant to a proper, reasonable coverage analysis of the Claim was the rule, rather than the exception, during the Carrier Defendants' mishandling of Hudson's Claim.

45. For example—and notwithstanding the TITAN Assessment's conclusion based on IICRC published standards that it would be impossible to differentiate between the intrusion of hazardous, grossly contaminated, environmentally impacted black water and the Carrier Defendants' alleged "clean water" flooding—neither Illinois Union nor any of its claim-handling agents/assigns ever

10

made note of a certain operative underlying fact that would have been glaringly obvious to anyone who so much as took the time to walk the perimeter of the Property, much less someone charged with conducting a reasonable investigation of the loss or inspection of the risk: The Palms is next door to a wastewater treatment plant.   Regardless of whether the—admittedly—*grossly contaminated environmentally impacted black water flooding* also contained untreated overflow from the adjacent wastewater treatment plant, the Carrier Defendants were entirely unreasonable in their investigation of Hudson's loss as they never once considered, much less investigated, the probability that this occurred.

46. As noted above, the areas surrounding The Palms flooded post-Harvey, including the adjacent wastewater treatment plant.  Not only did the Carrier Defendants fail and refuse to explain to their insured the basis for their conclusion that the wastewater and other hazardous, contaminated effluent dispersed by flood from the treatment plant did not migrate "on, in, into or upon" the Insured Property and structures, they instead—brazenly and without reasonable basis—used the very floodwater that delivered this Pollution Condition "on, in, into or upon" The Palms community as their pretextual basis for refusing payment on 60%+ of Hudson's covered loss.

47. Plaintiff contends that, upon information and belief, Defendants set out and overtly sought to under-scope, underpay, and ultimately minimize Plaintiff's claim for covered damages. At minimum, the Carrier Defendants ratified Apex TITAN, Inc. and Apex Companies, LLC's unreasonable and improper "adjustment" of the Claim, resulting in Plaintiff's claim effectively being denied in part as well as undervalued and underpaid. Plaintiff has suffered actual damages resulting from Defendants' wrongful acts and omissions as set forth above and further described herein.

48. In short, Plaintiff has yet to receive the full amount of payment to which it is entitled under the Policy because its Claim was improperly and unreasonably adjusted.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST ILLINOIS UNION INSURANCE COMPANY, ONLY

### BREACH OF CONTRACT

49. Illinois Union failed to perform its contractual duties to adequately compensate Plaintiff in accordance the terms of the Policy that it wrote and sold to Plaintiff. Specifically, Illinois Union refused to pay the full proceeds of the Policy, although due demand was made, and all conditions precedent to recovery upon the Policy had been fulfilled, carried out and completed by Plaintiff or waived by Illinois Union.  Illinois Union's conduct constitutes a breach of the insurance contract between Illinois Union and Hudson.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

50. Illinois Union's conduct constitutes a breach of the common law duty of good faith and fair dealing that, under Texas law, an insurer owes to its policy holders on account of the disparity in bargaining power between an insurance company and its individual insureds with respect not only to the drafting of the contract of insurance itself, but also with respect to the handling and payment of insured claims.

51. Illinois Union's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, despite the fact that at the very same time, Illinois Union knew (or should have known by the exercise of reasonable diligence) that its liability was reasonably clear, constitutes a breach of Illinois Union's duty of good faith and fair dealing to the Plaintiff, which is both non-delegable and continues to exist until the relationship between the parties is ultimately changed to that of judgment debtor and judgment creditor, respectively.

CAUSES OF ACTION AGAINST ILLINOIS UNION, CHUBB USA,
AND CHUBB NORTH AMERICAN (THE CARRIER DEFENDANTS)

UNFAIR SETTLEMENT PRACTICES, TEX. INS. CODE §541.060(a).

52. The Carrier Defendants' conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this provision are made actionable by TEX. INS. CODE §541.151.

53. Falsehoods and misrepresentations under Texas law may be communicated by actions as well as spoken word; therefore, deceptive conduct is equivalent to a verbal representation. The Carrier Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's covered loss and damages; (2) stating—by adoption and recitation of the Apex TITAN Assessment—that Plaintiff's damages were less extensive or severe than they actually were, resulting in the undervaluing of Plaintiff's damages; (3) using Apex employees/assigns' own statements and conclusions, as well as those of CHUBB employees/assigns about the scope and degree of the damage as pretextual justifications for effectively denying covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate payment(s) Plaintiff in fact received.

54. Had the Carrier Defendants, whether directly or through their agents and assigns, undertaken a reasonable or good faith investigation and adjustment of the loss, they would have concluded that any "apportionment" of Policy benefits between covered and non-covered perils less favorable to its insured than 66.67% (i.e., 66.67% covered; 33.33% non-covered) was inappropriate and unreasonable on its face, and on that basis—given the documentation provided them by Hudson of property damage and business interruption losses in excess of $3,000,000.00—would immediately have remitted the full amount of coverage afforded under the Policy, or $2,000,000.00. See TEX. INS. CODE §541.060(a)(7); 28 TAC 21.203(15).

55. Instead, the Carrier Defendants first attempted to force the insured to execute a Full Release of the Claim in exchange for the Carrier Defendants' partial payment offer of $780,000.00 (just 39% of the amount actually owed), and then—having paid this amount without receiving its requested Full Release—refused to provide any reasonable explanation to Hudson Capital of the basis in the Policy, in relation to the facts of this claim, for their offer of just $780,000.00 as a compromise settlement of the Claim.  See TEX. INS. CODE §§541.060(a)(3); 541.060 (a)(6).

56. The Carrier Defendants' unfair settlement practice, as described above, of misrepresenting—by words and acts/omissions—to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

57. The Carrier Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

58. The Carrier Defendants failed to provide Plaintiff a reasonable explanation for failing to include all covered damages in the evaluation and/or payment(s) on the Claim.  Furthermore, the Carrier Defendants did not communicate that future settlements or payments would be forthcoming to pay for the entire amount of Plaintiff's loss, nor did they provide any reasonable explanation for the failure to adequately settle Plaintiff's claim.  This conduct is a violation of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES.  TEX. INS. CODE §541.060(a)(3).

59. Although promptly reported by Plaintiff to the Carrier Defendants, the Carrier Defendants did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's damages, both exterior and interior. The Carrier Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's full Claim without conducting a reasonable investigation,

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

## VIOLATIONS OF THE PROMPT PAYMENT OF CLAIMS ACT
### CHAPTER 542, TEX. INS. CODE.

60. The Carrier Defendants' conduct constitutes multiple violations of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT. All violations made under this provision are made actionable by TEX. INS. CODE §542.060.

61. The Carrier Defendants' failure—and thus continuing delay—to remit full payment of the amounts owed on Plaintiff's Claim following the receipt of all items, statements, and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

### CAUSES OF ACTION AGAINST APEX TITAN, INC., APEX COMPANIES, LLC, CLINTON S. JECH, DARREN G. BOWDEN, AND DANIEL A. PENALOZA, (THE CLAIM-HANDLER DEFENDANTS)

### UNFAIR SETTLEMENT PRACTICES, TEX. INS. CODE §541.060(a).

62. The Claim-Handler Defendants' individual and collective conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

63. Each of the Claim-Handler Defendants are individually liable for their unfair and deceptive acts because each is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added).  (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person"

for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

64. The Claim-Handler Defendants' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

65. The Claim-Handler Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

66. The Claim-Handler Defendants' unfair settlement practice, described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

## FRAUD

67. Defendants are liable to Plaintiff for common law fraud.

68. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as it did, and which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion.

69. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn did act in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## CONSPIRACY TO COMMIT FRAUD

70. Defendants are liable to Plaintiff for conspiracy to commit fraud. Each individual, named Defendant was a member of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

## KNOWLEDGE

71. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the TEXAS INSURANCE CODE and was a producing cause of Plaintiff's damages described herein.

## CONDITIONS PRECEDENT

72. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred and/or Defendants waived the same. This includes, but is not limited to, providing notice pursuant to TEXAS INSURANCE CODE 542A and pre-litigation alternative dispute resolution, if any.

## DAMAGES

73. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

74. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorneys' fees.

75. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorneys' fees. For knowing conduct of the acts described above, Plaintiff is entitled to and does affirmatively seek recovery of three times its actual damages. TEX. INS. CODE §541.152.

76. For noncompliance with TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT, Plaintiff is entitled to the amount of its claim, as well as statutory penalty interest on the amount of such claim as damages, together with attorneys' fees.  TEX. INS. CODE §542.060.

77. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of this duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, as well as exemplary damages.

78. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorneys' fees, interest, and court costs.

79. For the prosecution and collection of its claim, Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of their action, including any appeals to any Court of Appeals and/or the Supreme Court of Texas.

80. To date, the Carrier Defendants have paid just $780,000.00 of the $2,000,000.00 Per Condition Policy Limit.  As the Total Incurred, Covered, Loss calculation below demonstrates, the totality of the covered loss to Hudson Capital, LLC exceeds the Per Condition Policy Limit by $1,138,784.25. The amount set forth below provides the full amount of covered damage and loss, including both property damage and business interruption loss (notwithstanding applicable Policy Limits) incurred by the insured, Hudson Capital, LLC, as the result of the underlying loss at issue:

| | |
|---|---|
| $ 2,172,680.25 | Total Cost, Covered Repairs to Property |
| $ 1,016,104.00 | Business Interruption Loss |
| <del>< $ 50,000.00></del> | <del><Self Insured Retention></del>   **PAID** |
| $ 3,138,784.25 | Total Incurred, Covered, Loss |

81.  As noted in Paragraph 82 above, the amount of (Per Condition) Policy Benefits remaining under the $2,000,000.00 Per Condition Policy Limit is $1,220,000.00.  This is not the full measure of Hudson's legal damages.  In addition to the $1,220,000.00 in Policy Benefits still owed for repair costs, Hudson is entitled to its consequential damages.  As the direct result of the Carrier Defendants' failure and refusal to timely pay Hudson's covered loss, Hudson has incurred substantial additional damage and loss.  Policy limits do not limit Hudson's ability to recover these damages.

82.  Despite the fact that full payment of the $1,220,000.00 still outstanding for remediation/repair expense will exhaust Policy limits, Hudson is nonetheless entitled to recover the full measure of its business interruption loss beginning with the day when, pursuant to the Prompt Payment of Claims Act (Ch. 542, TEX. INS. CODE), the Carrier Defendants should have paid the claim in full based on the receipt of the documents, information and access reasonably requested from Hudson and required for the Carrier Defendants to make their decision on the Claim.  But for the Carrier Defendants' malfeasance and unwarranted delays in the claim-handling process, these damages would not have been incurred.

83.  Additionally, and as the direct result of the Carrier Defendants' malfeasance and unwarranted delays in the claim-handling process, Hudson has been sued by its remediation/repair contractor, TPI.  In defense of this suit, Hudson has incurred costs—recoverable in this case as consequential damages— including, but not limited to, its attorneys' fees and costs of Court.

84.  Pursuant to Ch. 542 of the Texas Insurance Code (a strict-liability statute), Hudson is entitled to penalty interest of 10.5%, per annum, on the amount of the Claim, beginning back on the 76th day following the Carrier Defendants' receipt of all items, statements, and forms reasonably requested

and required from Hudson in order for the Carrier Defendants to make their Claim decision.   TEX. INS. CODE §§542.055, 542.058, 542.059; 542.060(c); TEX. FIN. CODE §304.003.   In addition, Hudson is also entitled to recovery of its attorneys' fees expended and incurred in this prosecution of this Claim and those fees shall be taxed as part of the costs in this case.   TEX. INS. CODE §542.060.

85. Hudson is similarly entitled to recover its actual damages, costs of Court, and attorneys' fees under Ch. 541 of the Texas Insurance Code (the Unfair Settlement Practices Act).   Additionally, and based on Defendants' "knowing" conduct, Hudson is entitled to treble damages.   TEX. INS. CODE §541.152(b).

86. For fraud, conspiracy to commit fraud, and Illinois Union's breach of its non-delegable common law duty of good faith and fair dealing to its insured, Hudson is entitled to recovery of additional, exemplary—i.e., punitive—damages, and is permitted to use evidence of Illinois Unions's net worth to assist the Jury in its calculation of the appropriate punitive amount.

87. In addition to these damages, Hudson is also entitled to recover prejudgment interest at the rate of 5.50% per annum beginning on the 181st day after it provided the Carrier Defendants with its first notice of suit (which it provided by letter dated May 10, 2018 from THE CHAKERIS LAW FIRM).   TEX. FIN. CODE §304.003.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

88. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants Illinois Union Insurance Company, CHUBB USA Claims, CHUBB North American Claims, Apex TITAN, Inc., Apex Companies, LLC, Clinton S. Jech, Darren G. Bowden, and Daniel A. Penaloza are required to disclose, within 50 days of service of this request, the information or material described in the TEXAS RULE OF CIVIL PROCEDURE 194.2.

## JURY DEMAND

89. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Fort Bend County, Texas.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the TEXAS INSURANCE CODE, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this cause, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for all such other and further relief, whether by law or at equity, to which it may show itself to be justly entitled.

Respectfully submitted,
THE COOK LAW FIRM, PLLC

By: /s/ Andrew C. Cook
Andrew C. Cook
State Bar No. 24057481
7324 Southwest Freeway, Suite 585
Houston, Texas  77074
Tel. (713) 401-2890
Fax (713) 643-6226
acc@texinsurancelaw.com

AND:

Sean H. McCarthy
State Bar No. 24065706
WILLIAMS HART BOUNDAS EASTERBY, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas  77017
Tel. (713) 230-2200
Fax (713) 643-6226
smccarthy@whlaw.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT B

Filed
11/1/2019 3:05 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Salena Jasso

## CAUSE NO. 19-DCV-266611

| | | |
|---|---|---|
| **HUDSON CAPITAL, LLC** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| | § | **FORT BEND COUNTY, TEXAS** |
| **ILLINOIS UNION INSURANCE** | § | |
| **COMPANY, CHUBB USA CLAIMS,** | § | |
| **CHUBB NORTH AMERICAN** | § | |
| **CLAIMS, APEX TITAN, INC.,** | § | |
| **APEX COMPANIES, LLC,** | § | |
| **CLINTON S. JECH, DARREN G.** | § | |
| **BOWDEN, AND DANIEL A.** | § | |
| **PENALOZA,** | § | |
| *Defendants.* | § | **400TH JUDICIAL DISTRICT** |

### DEFENDANTS DARREN BOWDEN AND CLINTON JECH'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Darren Bowden and Clinton Jech, Defendants named in the above-entitled and numbered cause, and file this, their Original Answer, and for same would respectfully show unto the court as follows:

### I.    GENERAL DENIAL

1.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants Darren Bowden and Clinton Jech generally deny each and every, all and singular, material allegation contained within Plaintiff's Original Petition and demand strict proof thereof.

### II.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Darren Bowden and Clinton Jech respectfully pray that Plaintiff take nothing by reason of its suit herein, and that Defendants have such other and further relief, special or general, legal or equitable, as Defendants may show themselves justly entitled.

Dated:  November 1, 2019.                Respectfully submitted,

                                         **BROWN FOX PLLC**
                                         8111 Preston Rd., Suite 300
                                         Dallas, Texas 75225
                                         Phone: (214) 327-5000
                                         Fax: (214) 327-5001


                                         By: */s/ David S. Denton*
                                         **DAVID S. DENTON**
                                         State Bar No. 24036471
                                         david@brownfoxlaw.com

                                         **ATTORNEYS FOR DEFENDANTS DARREN
                                         BOWDEN AND CLINTON JECH**


                       <u>**CERTIFICATE OF SERVICE**</u>

        This is to certify that a true and correct copy of the above and foregoing document was
served on Plaintiff, by and through its counsel of record, via eFile system on this 1st day of
November, 2019, in accordance with the Texas Rules of Civil Procedure.


                                         */s/ David S. Denton*
                                         DAVID S. DENTON

Filed
11/8/2019 10:35 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Salena Jasso

NO. 19-DCV-266611

| | | |
|---|---|---|
| HUDSON CAPITAL, LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| ILLINOIS UNION INSURANCE | § | |
| COMPANY, CHUBB USA CLAIMS, | § | |
| CHUBB NORTH AMERICAN CLAIMS, | § | |
| APEX TITAN, INC., APEX COMPANIES, | § | |
| LLC, CLINTON S. JECH, DARREN G. | § | |
| BOWDEN, AND DANIEL A. | | |
| PENALOZA, | | |
| | | |
| Defendants. | | 400TH JUDICIAL DISTRICT |

### ORIGINAL ANSWER OF DEFENDANTS ILLINOIS UNION INSURANCE COMPANY, AND IMPROPERLY NAMED DEFENDANTS CHUBB USA CLAIMS AND CHUBB NORTH AMERICAN CLAIMS

DEFENDANT ILLINOIS UNION INSURANCE COMPANY and IMPROPERLY-NAMED DEFENDANTS CHUBB USA CLAIMS and CHUBB NORTH AMERICAN CLAIMS (hereinafter, "Defendants"), in the above-entitled and numbered cause, file this Original Answer in the above-captioned lawsuit and would show:

### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendants generally deny all of the allegations contained in Plaintiff's Original Petition, and any amendments and supplements thereto, and requests that this Court require Plaintiff to prove such allegations by a preponderance of the evidence as required by the Texas Constitution and by the statutes, laws, and Rules of Civil Procedure of the State of Texas.

## VERIFIED DENIAL

For further answer, and pursuant to Tex. R. Civ. P. 93, Defendants assert that a defect exists as to the parties and specifically deny that Chubb USA Claims and Chubb North American Claims are proper defendants in this lawsuit. Chubb USA Claims and Chubb North American Claims are not the name of existing corporations and therefore they do not have the legal capacity to be sued or to be liable in the capacity in which they have been sued. As Plaintiff has incorrectly named Chubb USA Claims and Chubb North American Claims as Defendants, Defendant Illinois Union Insurance Company requests that Plaintiffs dismiss Chubb USA Claims and Chubb North American Claims from this lawsuit.

## REQUEST FOR DISCLOSURE

Pursuant to Tex. R. Civ. P. 194, Plaintiff is requested to provide Defendants the information and documentation set forth in Rule 194 within 30 days of this request.

Dated: November 8, 2019

NORTON ROSE FULBRIGHT US LLP

*/s Daniel McNeel Lane, Jr.*

Daniel McNeel Lane, Jr.
State Bar No.  00784441
neel.lane@nortonrosefulbright.com
Frost Tower
111 W. Houston Street, Suite 1800
San Antonio, TX  78205
Telephone:     (210) 224-5575
Facsimile:     (210) 270-7205

ATTORNEYS FOR ILLINOIS UNION INSURANCE COMPANY AND IMPROPERLY NAMED DEFENDANTS CHUBB USA CLAIMS AND CHUBB NORTH AMERICAN CLAIMS

## CERTIFICATE OF SERVICE

This pleading, Original Answer of Illinois Union Insurance Company and Improperly Named Defendants Chubb USA Claims and Chubb North American Claims, has been served upon all counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on November 8, 2019:

Andrew C. Cook
The Cook Law Firm, PLLC
7324 Southwest Freeway, Suite 585
Houston, Texas 77074
acc@texinsurancelaw.com

Sean H. McCarthy
Williams Hart Boundas Easterby, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
smccarthy@whlaw.com

*/s/ Daniel McNeel Lane, Jr.*

Daniel McNeel Lane, Jr.

STATE OF NEW JERSEY   §
                            §

COUNTY OF HUDSON    §

## **VERIFICATION**

Before me, the undersigned notary, on this day personally appeared Rachel Schulman, the affiant, a person whose identity is known to me. After I administered an oath, the affiant testified:

"My name is Rachel Schulman. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct. I have read Defendant Illinois Union Insurance Company's Original Verified Answer to Plaintiff's Original Petition, and the facts stated therein are within my personal knowledge and are true and correct."

FURTHER, AFFIANT SAYETH NOT.

_____

Rachel Schulman

SUBSCRIBED AND SWORN TO before me on the ⁷ day of November, 2019, to certify which witness my hand and seal of office.

_____

Notary Public in and for the State of New Jersey

```
TRACEY N. CASTLEY
NOTARY PUBLIC OF NEW JERSEY
Commission # 50101669
My Commission Expires 3/25/2024
```

- 4 -

# EXHIBIT C

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back     Location : Fort Bend    Images Help

# REGISTER OF ACTIONS
## CASE NO. 19-DCV-266611

| | |
|---|---|
| Hudson Capital, LLC vs Illinois Union Insurance Company, Chubb USA Claims, Chubb North American Claims, Apex Titan, Inc, Apex Companies, LLC, Clinton S Jech, Darren G. Bowden and Daniel A. Penaloza | §<br>§<br>§<br>§<br>§<br>§ |

Case Type: **Contract - Other Contract**
Date Filed: **09/12/2019**
Location: **400th District Court**

---

### PARTY INFORMATION

|  |  | Attorneys |
|---|---|---|
| Defendant or Respondent | **Apex Companies, LLC**<br>Austin, TX 78744 | |
| Defendant or Respondent | **Apex Titan, Inc**<br>Austin, TX 78744 | |
| Defendant or Respondent | **Bowden, Darren G.**<br>Waxahachie, TX 75165 | **David S Denton**<br>*Retained*<br>214-327-5000(W) |
| Defendant or Respondent | **Chubb North American Claims**<br>Jersey City, NJ 07302 | |
| Defendant or Respondent | **Chubb USA Claims**<br>Scranton, PA 18505-0510 | |
| Defendant or Respondent | **Illinois Union Insurance Company**<br>Philadelphia, PA 19106-3703 | |
| Defendant or Respondent | **Jech, Clinton S.**<br>Dallas, TX 75243 | **David S Denton**<br>*Retained*<br>214-327-5000(W) |
| Defendant or Respondent | **Penaloza, Daniel A.**<br>Houston, TX 77019 | |
| Plaintiff or Petitioner | **Hudson Capital, LLC** | **Andrew C Cook**<br>*Retained*<br>713-230-2366(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 09/12/2019 | **Petition**   Doc ID# 1<br>*Plaintiffs Original Petition* | | |
| 09/12/2019 | **Case Information Sheet**<br>*Civil Case Information Sheet* | | |
| 09/13/2019 | **Case Information Sheet**<br>*Civil Case Information Sheet (Amended)* | | |
| 09/25/2019 | **Request**   Doc ID# 2<br>*Civil Process Request Form* | | |
| 09/25/2019 | **Request**   Doc ID# 3<br>*Civil Process Request Form* | | |
| 09/25/2019 | **Request**   Doc ID# 4<br>*Civil Process Request Form* | | |
| 09/25/2019 | **Request**   Doc ID# 5<br>*Civil Process Request Form* | | |
| 10/01/2019 | **Issuance**   Doc ID# 6<br>*Citation Issued to Chubb USA Claims* | | |
| 10/01/2019 | **Citation**<br>*Eservice* | | |
| | Chubb USA Claims | Unserved | |
| 10/01/2019 | **Issuance**   Doc ID# 7<br>*Citation Issued to Chubb North American Claims* | | |
| 10/01/2019 | **Citation**<br>*Eservice* | | |
| | Chubb North American Claims | Served<br>Returned | 10/16/2019<br>10/21/2019 |
| 10/01/2019 | **Issuance**   Doc ID# 8<br>*Citation Issued to Illinois Union Insurance Company* | | |
| 10/01/2019 | **Citation**<br>*Eservice* | | |
| | Illinois Union Insurance Company | Served<br>Returned | 10/14/2019<br>10/14/2019 |
| 10/01/2019 | **Issuance**   Doc ID# 9<br>*Citation Issued to Apex Companies LLC* | | |
| 10/01/2019 | **Citation**<br>*Eservice* | | |
| | Apex Companies, LLC | Served | 10/15/2019 |

|            |                          | Returned | 10/16/2019 |
|------------|--------------------------|----------|------------|
| 10/01/2019 | **Issuance**     **Doc ID# 10** |          |            |
|            | *Citation Issued to Clinton S. Jech* |  |            |
| 10/01/2019 | **Citation** |  |  |
|            | *Eservice* |  |  |
|            | Jech, Clinton S. | Served | 10/12/2019 |
|            |                  | Returned | 10/14/2019 |
| 10/01/2019 | **Issuance**     **Doc ID# 11** |  |  |
|            | *Citation Issued to Apex Titan Inc* |  |  |
| 10/01/2019 | **Citation** |  |  |
|            | *Eservice* |  |  |
|            | Apex Titan, Inc | Served | 10/15/2019 |
|            |                 | Returned | 10/15/2019 |
| 10/01/2019 | **Issuance**     **Doc ID# 12** |  |  |
|            | *Citation Issued to Darren G Bowden* |  |  |
| 10/01/2019 | **Citation** |  |  |
|            | *Eservice* |  |  |
|            | Bowden, Darren G. | Served | 10/12/2019 |
|            |                   | Returned | 10/14/2019 |
| 10/01/2019 | **Issuance**     **Doc ID# 13** |  |  |
|            | *Citation Issued to Daniel A Penaloza* |  |  |
| 10/01/2019 | **Citation** |  |  |
|            | *Eservice* |  |  |
|            | Penaloza, Daniel A. | Served | 10/16/2019 |
|            |                     | Returned | 10/17/2019 |
| 10/10/2019 | **Officers Return**     **Doc ID# 14** |  |  |
|            | *Return of Service* |  |  |
| 10/14/2019 | **Officers Return**     **Doc ID# 15** |  |  |
|            | *Return of Service for Clinton S Jech* |  |  |
| 10/14/2019 | **Officers Return**     **Doc ID# 16** |  |  |
|            | *Return of Service for Darren G. Bowden* |  |  |
| 10/14/2019 | **Officers Return**     **Doc ID# 17** |  |  |
|            | *Return of Service for Illinois Union Insurance Company* |  |  |
| 10/15/2019 | **Officers Return**     **Doc ID# 18** |  |  |
|            | *Return of Service for Apex Titan, Inc* |  |  |
| 10/16/2019 | **Officers Return**     **Doc ID# 19** |  |  |
|            | *Return of Service for Apex Companies, LLC. Served 10/15/19* |  |  |
| 10/17/2019 | **Officers Return**     **Doc ID# 20** |  |  |
|            | *Return of Service for Daniel Penaloza. Served 10/16/19* |  |  |
| 10/21/2019 | **Officers Return**     **Doc ID# 21** |  |  |
|            | *Return of Service for Chubb North American Claims* |  |  |
| 11/01/2019 | **Answer/Contest/Response/Waiver**     **Doc ID# 22** |  |  |
|            | *Defendants Darren Bowden and Clinton Jech's Original Answer* |  |  |

---

**FINANCIAL INFORMATION**

---

**Plaintiff or Petitioner** Hudson Capital, LLC
Total Financial Assessment                                                                                            360.00
Total Payments and Credits                                                                                            360.00
**Balance Due as of 11/07/2019**                                                                                      **0.00**

| 09/13/2019 | Transaction Assessment |                              |                     | 292.00   |
|------------|------------------------|------------------------------|---------------------|----------|
| 09/13/2019 | E-filing               | Receipt # 2019-62819-DCLK    | Hudson Capital, LLC | (292.00) |
| 09/25/2019 | Transaction Assessment |                              |                     | 68.00    |
| 09/25/2019 | E-filing               | Receipt # 2019-64309-DCLK    | Hudson Capital, LLC | (68.00)  |

Filed
9/12/2019 4:18 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Autumn Dolnik

**19-DCV-266611**

CAUSE NO. _____

| | | |
|---|---|---|
| HUDSON CAPITAL, LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| ILLINOIS UNION INSURANCE | § | |
| COMPANY, CHUBB USA CLAIMS, CHUBB | § | |
| NORTH AMERICAN CLAIMS, APEX | § | |
| TITAN, INC., APEX COMPANIES, LLC, | § | Fort Bend County - 400th Judicial District Court |
| CLINTON S. JECH, DARREN G. | § | |
| BOWDEN, and DANIEL A. PENALOZA, | § | |
| | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Hudson Capital, LLC (hereinafter, "Hudson") files this, its Original Petition against Defendants Illinois Union Insurance Company, CHUBB USA Claims, CHUBB North American Claims, Apex TITAN, Inc., Apex Companies, LLC, Clinton S. Jech, Darren G. Bowden, and Daniel A. Penaloza and would show as follows:

## DISCOVERY LEVEL

1. Plaintiff intends that this case be governed by Discovery Level 3 and, pursuant to Rule 190.4(a) of the Texas Rules of Civil Procedure, hereby requests that this Court—upon answer and appearance of all Defendants named herein—enter a discovery control plan tailored to the circumstances specific to this suit.

## PARTIES

2. Hudson is a limited liability company lawfully doing business in the State of Texas, and is the first named insured and operator of The Palms at Cinco Ranch ("The Palms"), which is located on real property in Texas at 23600 FM 1093 in Richmond, Fort Bend County, Texas 77406.  The Palms

is a multi-building, multi-unit apartment and condominium community operated by Hudson Capital, LLC, which possesses ownership interest in The Palms.

3. Illinois Union Insurance Company ("Illinois Union") is an Illinois corporation with its principal place of business in Pennsylvania. Pursuant to §804.201 of the Texas Insurance Code, Defendant Illinois Union may be served with process in this action by serving the Texas Commissioner of Insurance, Texas Department of Insurance, 333 Guadalupe, Austin, Texas 78701 as Illinois Union's agent for service of process, along with notice and request to the Insurance Commissioner that process then be mailed to: Mr. Paul Bech, Esq., Assistant General Counsel, CHUBB, 436 Walnut Street, Philadelphia, PA 19106-3703, who is Defendant Illinois Union's designee for receipt of same.

4. CHUBB USA Claims is, upon information and belief, a third-party claims handling company engaged—at the direction and on the behalf of Defendant Illinois Union—in the adjustment of insurance claims in the State of Texas and, specifically, the insurance claim at issue in this suit. Defendant CHUBB USA Claims may be served with process in this action via certified mail: CHUBB Environmental Risk Claims Manager, CHUBB USA Claims, P.O. Box 5103, Scranton, PA 18505-0510.

5. CHUBB North American Claims is, upon information and belief, a third-party claims handling company engaged—at the direction and on the behalf of Defendant Illinois Union— in the adjustment of insurance claims in the State of Texas and, specifically, the insurance claim at issue in this suit. Defendant CHUBB North American Claims may be served with process in this action via certified mail: CHUBB North American Claims - Environmental, 10 Exchange Place, 9th Floor, Jersey City, NJ 07302.

6. Apex TITAN, Inc. is, upon information and belief, a third-party consulting company which did engage—at the direction and on the behalf of Defendant Illinois Union— in the assessment of this

insurance claims in the State of Texas and, specifically, the insurance claim at issue in this suit. Defendant Apex TITAN, Inc. may be served with process in this action by serving Registered Agent Solutions, Inc., 1701 Directors Blvd., Suite 300, Austin, TX 78744 as Apex TITAN, Inc.'s agent for service of process.

7.   Apex Companies, LLC is, upon information and belief, a third-party consulting company which did engage—at the direction and on the behalf of Defendant Illinois Union— in the assessment of this insurance claims in the State of Texas and, specifically, the insurance claim at issue in this suit. Defendant Apex Companies, LLC may be served with process in this action by serving Registered Agent Solutions, Inc., 1701 Directors Blvd., Suite 300, Austin, TX 78744 as Apex Companies, LLC's agent for service of process.

8.   Clinton S. Jech (Defendant "Jech") is an individual residing in and domiciled in the State of Texas. Defendant Jech may be served with personal process, by process server, at his place of residence at ███████████████████████████████

9.   Darren G. Bowden ("Defendant Bowden") is an individual residing in and domiciled in the State of Texas. Defendant Bowden may be served with personal process, by process server, at his place of residence at ████████████████████████████████████

10.  Daniel A. Penaloza ("Defendant Penaloza") is an individual residing in and domiciled in the State of Texas. Defendant Penaloza may be served with personal process, by process server, at his place of residence at ████████████████████████████████

<u>JURISDICTION AND VENUE</u>

11.  This Court has subject matter jurisdiction over this cause of action because it involves an amount in controversy within the Court's jurisdictional authority.  Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Hudson seeks monetary relief greater than $1,000,000.00.

12. This Court has personal jurisdiction over Illinois Union because Illinois Union is an eligible surplus lines insurer engaged in the business of insurance in the State of Texas and Hudson's causes of action arise out of Illinois Union's wrongful acts and omissions in its conduct of the business of insurance within this State.

13. This Court has personal jurisdiction over CHUBB USA Claims because CHUBB USA Claims is engaged in the business of insurance in the State of Texas and Hudson's causes of action arise out of CHUBB USA Claims' wrongful acts and omissions in its conduct of the business of insurance within this State.

14. This Court has personal jurisdiction over CHUBB North American Claims because CHUBB North American Claims is engaged in the business of insurance in the State of Texas and Hudson's causes of action arise out of CHUBB North American Claims' wrongful acts and omissions in its conduct of the business of insurance within this State.

15. This Court has personal jurisdiction over Apex TITAN, Inc. because Apex TITAN, Inc.—with respect to the claim at bar—engaged in the business of insurance in the State of Texas and Hudson's causes of action arise out of Apex TITAN, Inc.'s wrongful acts and omissions in its conduct of the business of insurance within this State.

16. This Court has personal jurisdiction over Apex Companies, LLC because Apex Companies, LLC is a foreign company engaged in the business of insurance in the State of Texas and Hudson's causes of action arise out of Apex Companies, LLC's wrongful acts and omissions in its conduct of the business of insurance within this State.

17. This Court has personal jurisdiction over Clinton S. Jech because he engaged in the business of adjusting Plaintiff's insurance claim in the State of Texas, and Hudson's causes of action arise out of Defendant Jech's business activities in the State of Texas.

18. This Court has personal jurisdiction over Darren G. Bowden because he engaged in the business of adjusting Plaintiff's insurance claim in the State of Texas, and Hudson's causes of action arise out of Defendant Jech's business activities in the State of Texas.

19. This Court has personal jurisdiction over Daniel A. Penaloza because he engaged in the business of adjusting Plaintiff's insurance claim in the State of Texas, and Hudson's causes of action arise out of Defendant Jech's business activities in the State of Texas.

20. Venue is proper in Fort Bend County, Texas under §§ 15.002(a)(1) and 15.032 of the Texas Civil Practice & Remedies Code because all or a substantial part of the events or omissions giving rise to the suit occurred in Fort Bend County.  Specifically, the insured property (The Palms) is located in Fort Bend County, and both the covered loss as well as Defendants' adjustment of Hudson's ensuing insurance claim occurred in Fort Bend County.

## FACTUAL BACKGROUND

21. The Palms at Cinco Ranch ("The Palms") is an apartment and condominium community located at 23600 FM 1093 in Richmond, Fort Bend County, Texas 77406.  The Palms consists of 14 freestanding apartment buildings (including leasing office/clubhouse) as well as no less than six additional free-standing enclosed buildings such as garages and storage buildings.

22. After making landfall on the Texas coast on or about August 25, 2017, Hurricane Harvey moved slowly inland and northeasterly, dumping an historic amount of rainfall throughout Southeast Texas, including the area where The Palms is located.  The unprecedented rains led to widespread flooding throughout the area and, on or about August 31, 2017, The Palms proved no exception.

23. Of the 14 larger buildings on-site, 13 experienced some amount of floodwater incursion.  Nearly all of the first-floor units, garages and community areas at The Palms experienced some amount of floodwater incursion.  In many instances, very little water came in and the entirety of the flooding at The Palms was short-lived and was gone within 24 hours from first appearance.

24. The water intrusion itself caused only minor damage to the Property, none of which was structural nor a significant causal factor in the costly repairs that would soon be necessary, much less the business interruption losses these repairs would, in turn, lead to.  Given this, as well as the fact that the Policy here at issue provides coverage for "Pollution Conditions" and "Indoor Environmental Conditions," but not rising water, Hudson did not file a claim on the Illinois Union Insurance Company Policy during the brief flood event at The Palms.

25. That said, very soon after the floodwater receded, residents and building management discovered enormous, and rapidly-expanding and multiplying, areas of apparent mold, fungi, and spore contamination, as well as the noxious stench of grossly-contaminated floodwater and untreated wastewater, throughout the buildings and structures that experienced even the slightest amount of floodwater incursion.

26. Upon discovery of this condition (which rapidly, and exponentially worsened until remediation efforts began) Hudson Capital, LLC—the Named Insured under Illinois Union Insurance Company Premises Pollution Liability Portfolio Insurance Policy PPI G2815186A 002 ("the Policy")— immediately reported its claim for covered loss under the Illinois Union Policy.

27. On September 12, 2017, Rachel Schulman, Claims Director with CHUBB North American Claims – Environmental, acknowledged the claim on behalf of Illinois Union and CHUBB by letter referencing the claim as "CHUBB Claim No.: KY17K2241239."

28. After receiving notice of the Claim, Illinois Union and CHUBB (upon information and belief) retained Apex TITAN, Inc. ("TITAN") to act as their agent/assign in adjusting the Claim. TITAN then assigned a series of purported "mold technicians" and "mold consultants" to investigate and adjust the Claim: Clinton Jech, Armando Flores, and Darren Bowden.

29. In their Damaged Material Assessment (the "TITAN Assessment"), dated September 29, 2017 (and signed by all three), Messrs. Jech, Flores and Bowden found that "each residential building was

affected by moisture intrusion with the exception of building number seven (7)" and "fifty-six of the sixty-two apartment units located on the first floor of the complex were affected by moisture intrusion." The TITAN Assessment noted that mold growth was observed on the following materials:

- Drywall
- Carpeting
- Baseboards
- Doors
- Back of cabinetry
- Clubhouse ceiling; and
- Pool mechanical room.

30. The TITAN Assessment concluded (in part) that: "the root cause of mold growth is likely the results [sic] of moisture intrusion / flooding and the inability to dry building materials within 48 hours of impact." This conclusion, along with the above-referenced discussion of moisture intrusion/flooding and subsequent mold growth—and more importantly, the unfounded assumptions common to both—provided Illinois Union (via CHUBB) its sole pretextual justification for the self-serving coverage decisions and outcome-oriented claims-handling practices that were soon deployed against Hudson, its insured.

31. In short, Illinois Union and CHUBB (collectively, the "Carrier Defendants") handled, adjusted, and eventually underpaid the Claim based upon the red herring proposition that water damage—i.e., property damage caused directly and solely by the physical presence of water alone—was the primary and predominant cause of Hudson's loss and cited the TITAN Assessment as their pretextual justification for this unreasonable position.

32. Setting aside the fact that Hudson never presented a claim for "flood damage"—as well as the fact that The Palms did not incur much, if any, damage solely or directly by force of the small amount of rising water intrusion experienced at the Property—Hudson cooperated in good faith with the Carrier Defendants' purported "investigation" of the Claim and provided the Carrier Defendants

7

with all requested documents and information which it either possessed or had reasonable access to at the time.

33. Then, having received Hudson's invoices, cancelled checks and other proofs of payment for repairs as well as the documentation reasonably requested and required for calculation of Hudson's business interruption loss, the Carrier Defendants claimed these documents and proofs lacked the specificity purportedly required in order for it to issue payment—any payment—on Hudson's covered loss.

34. At no time did the Carrier Defendants dispute coverage under the Policy for either "Pollution Conditions" or "Indoor Environmental Conditions."

35. Instead (and rather than—at any time—assigning a licensed Texas insurance adjuster to adjust the loss), the Carrier Defendants waited until December 11, 2017 to send a new "mold consultant," Daniel Penaloza II of Apex Companies, LLC ("Apex") to reinspect and purportedly adjust the covered loss.  The Carrier Defendants provided Penaloza with a selection of the documentation Hudson had provided in support of its Claim and covered losses, and based on his December 2017 site visit and review of the documents provided him by CHUBB, Penaloza concluded in his Microbial Consulting Services – Draft for Review, emailed to CHUBB and dated January 16, 2018, that "approximately 37.5 percent of the work (labor and materials) may have been related to mold remediation activities…".  Penaloza failed to provide any reasonable basis grounded in fact—and nothing at all by way of coverage analysis—to justify this conclusory assertion.

36. Nonetheless, in her January 26, 2018 Proposed Settlement Letter to Hudson, Rachel Schulman cites the Apex/Penaloza Microbial Consulting Services – Draft for Review as the basis for the Carrier Defendants' settlement offer of 40% of Hudson's remediation costs (40% of Hudson's [then] out-of-pocket repair costs of approximately $1,700,000.00), or $680,000.00.

37. Extrapolating from the fuzzy math that turned Hudson's $1,700,000.00 out-of-pocket covered loss into the Carrier Defendants' improper and unreasonable settlement offer of $680,000.00, Ms.

Schulman then applied the Apex/Penaloza 40% "mold vs. water factor" to Hudson's business interruption loss (which she capped at 5 months without explanation, reasonable or otherwise…) and arrived at an additional $150,000.00 offer for Hudson's business interruption loss.  All told, and allowing for application of the Policy's $50,000.00 S.I.R., Schulman offered $780,000.00 to Hudson for "full resolution of the remediation costs/build back portion of this matter," and "total claim settlement."

38. Setting aside the groundless absurdity of the 40% Apex/Penaloza "mold vs. water factor," as well as the misrepresentations Schulman cites as support both for using it and for extending its application to limit Hudson's business interruption loss,[1] Schulman's *Proposed Settlement Letter*— as with all Claim-related correspondence to Hudson either before or since—wholly ignores what may be the most significant operative underlying fact this case presents.

39. Mold (i.e., an "Indoor Environmental Condition") is not the only peril covered under the Policy.

40. Under the Coverage A Insuring Agreement, Illinois Union agrees to pay: "'First-party claims' arising out of: I) a 'pollution condition' on, at… a 'covered location'; 2) an 'indoor environmental condition' at a 'covered location'… provided the 'insured' first discovers such 'pollution condition' or 'indoor environmental condition' during the 'policy period.'"

41. Pollution condition is defined under the Policy as: "The discharge, dispersal, release, escape, migration or seepage of any solid, liquid…irritant, contaminant, or pollutant, including soil, silt, sedimentation, …chemicals, …hazardous substances, …waste materials… on, in, into or upon land and structures thereupon…"

---

[1]   I.) "Chubb had its consultant, [TITAN], to the site on September 7, 201[7].  At that time significant water damage was noted and minor mold conditions were observed." 2.) "Initially the units appear to have been vacant due to water damage." 3.) "Because the units affected sustained both water damages and had mold conditions we are using the same allocation of 40% to the business interruption claim."

9

42. As the TITAN Assessment itself points out, the very floodwater that Defendants point to as having somehow caused more than 60% of Hudson's damage (purportedly, by pure force of "dampness" alone…) is, by Defendants' on-site claim-handlers' own words, an explicitly covered peril under the Policy's "Pollution Condition" coverage prong because it was both "grossly contaminated" and a hazardous material:

> SEC. 2.3          OTHER HAZARDOUS MATERIALS
> "The Institute of Inspection, Cleaning and Restoration (IICRC) considers water damage originating from sea water, ground or surface water, rising rivers and streams, and wind-driven rain from hurricanes and tropical storms to be Category 3.  Category 3 is considered grossly contaminated water."
> - - -
> SEC. 3.1          CONCLUSIONS
> "Impacted areas are summarized in Sections 2.1 to 2.3.  It is not possible to differentiate "clean" flooding from environmentally impacted black water flooding based upon the IICRC's interpretation of Category 3 water."

43. Despite this fact, of which the Carrier Defendants had actual knowledge at the time all relevant Claim and coverage decisions were made, the Carrier Defendants never once analyzed this Claim in light of—nor sought coverage for the insured under—the "Pollution Condition" coverage prong in the Policy.

44. Conclusion 3.1 of the TITAN Assessment was never addressed or even noted in any of the Carrier Defendants' claim correspondence to Hudson, but was instead simply dismissed out-of-hand and ignored.  This inattention to (or purposeful, intentional ignorance of) the facts and authorities most relevant to a proper, reasonable coverage analysis of the Claim was the rule, rather than the exception, during the Carrier Defendants' mishandling of Hudson's Claim.

45. For example—and notwithstanding the TITAN Assessment's conclusion based on IICRC published standards that it would be impossible to differentiate between the intrusion of hazardous, grossly contaminated, environmentally impacted black water and the Carrier Defendants' alleged "clean water" flooding—neither Illinois Union nor any of its claim-handling agents/assigns ever

made note of a certain operative underlying fact that would have been glaringly obvious to anyone who so much as took the time to walk the perimeter of the Property, much less someone charged with conducting a reasonable investigation of the loss or inspection of the risk: The Palms is next door to a wastewater treatment plant.   Regardless of whether the—admittedly—*grossly contaminated environmentally impacted black water flooding* also contained untreated overflow from the adjacent wastewater treatment plant, the Carrier Defendants were entirely unreasonable in their investigation of Hudson's loss as they never once considered, much less investigated, the probability that this occurred.

46. As noted above, the areas surrounding The Palms flooded post-Harvey, including the adjacent wastewater treatment plant.  Not only did the Carrier Defendants fail and refuse to explain to their insured the basis for their conclusion that the wastewater and other hazardous, contaminated effluent dispersed by flood from the treatment plant did not migrate "on, in, into or upon" the Insured Property and structures, they instead—brazenly and without reasonable basis—used the very floodwater that delivered this Pollution Condition "on, in, into or upon" The Palms community as their pretextual basis for refusing payment on 60%+ of Hudson's covered loss.

47. Plaintiff contends that, upon information and belief, Defendants set out and overtly sought to under-scope, underpay, and ultimately minimize Plaintiff's claim for covered damages. At minimum, the Carrier Defendants ratified Apex TITAN, Inc. and Apex Companies, LLC's unreasonable and improper "adjustment" of the Claim, resulting in Plaintiff's claim effectively being denied in part as well as undervalued and underpaid. Plaintiff has suffered actual damages resulting from Defendants' wrongful acts and omissions as set forth above and further described herein.

48. In short, Plaintiff has yet to receive the full amount of payment to which it is entitled under the Policy because its Claim was improperly and unreasonably adjusted.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST ILLINOIS UNION INSURANCE COMPANY, ONLY

### BREACH OF CONTRACT

49. Illinois Union failed to perform its contractual duties to adequately compensate Plaintiff in accordance the terms of the Policy that it wrote and sold to Plaintiff. Specifically, Illinois Union refused to pay the full proceeds of the Policy, although due demand was made, and all conditions precedent to recovery upon the Policy had been fulfilled, carried out and completed by Plaintiff or waived by Illinois Union. Illinois Union's conduct constitutes a breach of the insurance contract between Illinois Union and Hudson.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

50. Illinois Union's conduct constitutes a breach of the common law duty of good faith and fair dealing that, under Texas law, an insurer owes to its policy holders on account of the disparity in bargaining power between an insurance company and its individual insureds with respect not only to the drafting of the contract of insurance itself, but also with respect to the handling and payment of insured claims.

51. Illinois Union's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, despite the fact that at the very same time, Illinois Union knew (or should have known by the exercise of reasonable diligence) that its liability was reasonably clear, constitutes a breach of Illinois Union's duty of good faith and fair dealing to the Plaintiff, which is both non-delegable and continues to exist until the relationship between the parties is ultimately changed to that of judgment debtor and judgment creditor, respectively.

CAUSES OF ACTION AGAINST ILLINOIS UNION, CHUBB USA,
AND CHUBB NORTH AMERICAN (THE CARRIER DEFENDANTS)

UNFAIR SETTLEMENT PRACTICES, TEX. INS. CODE §541.060(a).

52. The Carrier Defendants' conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this provision are made actionable by TEX. INS. CODE §541.151.

53. Falsehoods and misrepresentations under Texas law may be communicated by actions as well as spoken word; therefore, deceptive conduct is equivalent to a verbal representation. The Carrier Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's covered loss and damages; (2) stating—by adoption and recitation of the Apex TITAN Assessment—that Plaintiff's damages were less extensive or severe than they actually were, resulting in the undervaluing of Plaintiff's damages; (3) using Apex employees/assigns' own statements and conclusions, as well as those of CHUBB employees/assigns about the scope and degree of the damage as pretextual justifications for effectively denying covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate payment(s) Plaintiff in fact received.

54. Had the Carrier Defendants, whether directly or through their agents and assigns, undertaken a reasonable or good faith investigation and adjustment of the loss, they would have concluded that any "apportionment" of Policy benefits between covered and non-covered perils less favorable to its insured than 66.67% (i.e., 66.67% covered; 33.33% non-covered) was inappropriate and unreasonable on its face, and on that basis—given the documentation provided them by Hudson of property damage and business interruption losses in excess of $3,000,000.00—would immediately have remitted the full amount of coverage afforded under the Policy, or $2,000,000.00. See TEX. INS. CODE §541.060(a)(7); 28 TAC 21.203(15).

13

55. Instead, the Carrier Defendants first attempted to force the insured to execute a Full Release of the Claim in exchange for the Carrier Defendants' partial payment offer of $780,000.00 (just 39% of the amount actually owed), and then—having paid this amount without receiving its requested Full Release—refused to provide any reasonable explanation to Hudson Capital of the basis in the Policy, in relation to the facts of this claim, for their offer of just $780,000.00 as a compromise settlement of the Claim.  See TEX. INS. CODE §§541.060(a)(3); 541.060 (a)(6).

56. The Carrier Defendants' unfair settlement practice, as described above, of misrepresenting—by words and acts/omissions—to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

57. The Carrier Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

58. The Carrier Defendants failed to provide Plaintiff a reasonable explanation for failing to include all covered damages in the evaluation and/or payment(s) on the Claim.  Furthermore, the Carrier Defendants did not communicate that future settlements or payments would be forthcoming to pay for the entire amount of Plaintiff's loss, nor did they provide any reasonable explanation for the failure to adequately settle Plaintiff's claim.  This conduct is a violation of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES.  TEX. INS. CODE §541.060(a)(3).

59. Although promptly reported by Plaintiff to the Carrier Defendants, the Carrier Defendants did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiff's damages, both exterior and interior. The Carrier Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's full Claim without conducting a reasonable investigation,

constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

## VIOLATIONS OF THE PROMPT PAYMENT OF CLAIMS ACT
### CHAPTER 542, TEX. INS. CODE.

60. The Carrier Defendants' conduct constitutes multiple violations of the TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT. All violations made under this provision are made actionable by TEX. INS. CODE §542.060.

61. The Carrier Defendants' failure—and thus continuing delay—to remit full payment of the amounts owed on Plaintiff's Claim following the receipt of all items, statements, and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the Claim. TEX. INS. CODE §542.058.

## CAUSES OF ACTION AGAINST APEX TITAN, INC., APEX COMPANIES, LLC, CLINTON S. JECH, DARREN G. BOWDEN, AND DANIEL A. PENALOZA, (THE CLAIM-HANDLER DEFENDANTS)

### UNFAIR SETTLEMENT PRACTICES, TEX. INS. CODE §541.060(a).

62. The Claim-Handler Defendants' individual and collective conduct constitutes multiple violations of the TEXAS INSURANCE CODE, UNFAIR SETTLEMENT PRACTICES. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

63. Each of the Claim-Handler Defendants are individually liable for their unfair and deceptive acts because each is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person"

for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

64. The Claim-Handler Defendants' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

65. The Claim-Handler Defendants' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

66. The Claim-Handler Defendants' unfair settlement practice, described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

## CAUSES OF ACTION AGAINST ALL DEFENDANTS

## FRAUD

67. Defendants are liable to Plaintiff for common law fraud.

68. Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as it did, and which Defendants knew were false or made recklessly without any knowledge of their truth as a positive assertion.

69. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn did act in reliance upon the statements, thereby causing Plaintiff to suffer injury and constituting common law fraud.

## CONSPIRACY TO COMMIT FRAUD

70. Defendants are liable to Plaintiff for conspiracy to commit fraud. Each individual, named Defendant was a member of a combination of two or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiff, Defendants committed an unlawful, overt act to further the object or course of action. Plaintiff suffered injury as a proximate result.

## KNOWLEDGE

71. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the TEXAS INSURANCE CODE and was a producing cause of Plaintiff's damages described herein.

## CONDITIONS PRECEDENT

72. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred and/or Defendants waived the same. This includes, but is not limited to, providing notice pursuant to TEXAS INSURANCE CODE 542A and pre-litigation alternative dispute resolution, if any.

## DAMAGES

73. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

74. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorneys' fees.

75. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorneys' fees. For knowing conduct of the acts described above, Plaintiff is entitled to and does affirmatively seek recovery of three times its actual damages. TEX. INS. CODE §541.152.

76. For noncompliance with TEXAS INSURANCE CODE, PROMPT PAYMENT OF CLAIMS ACT, Plaintiff is entitled to the amount of its claim, as well as statutory penalty interest on the amount of such claim as damages, together with attorneys' fees.  TEX. INS. CODE §542.060.

77. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of this duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, as well as exemplary damages.

78. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorneys' fees, interest, and court costs.

79. For the prosecution and collection of its claim, Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of their action, including any appeals to any Court of Appeals and/or the Supreme Court of Texas.

80. To date, the Carrier Defendants have paid just $780,000.00 of the $2,000,000.00 Per Condition Policy Limit.  As the Total Incurred, Covered, Loss calculation below demonstrates, the totality of the covered loss to Hudson Capital, LLC exceeds the Per Condition Policy Limit by $1,138,784.25. The amount set forth below provides the full amount of covered damage and loss, including both property damage and business interruption loss (notwithstanding applicable Policy Limits) incurred by the insured, Hudson Capital, LLC, as the result of the underlying loss at issue:

| | | |
|---|---|---|
| $ 2,172,680.25 | Total Cost, Covered Repairs to Property | |
| $ 1,016,104.00 | Business Interruption Loss | |
| < $ 50,000.00> | <Self Insured Retention> | **PAID** |
| $ 3,138,784.25 | Total Incurred, Covered, Loss | |

81. As noted in Paragraph 82 above, the amount of (Per Condition) Policy Benefits remaining under the $2,000,000.00 Per Condition Policy Limit is $1,220,000.00.  This is not the full measure of Hudson's legal damages.  In addition to the $1,220,000.00 in Policy Benefits still owed for repair costs, Hudson is entitled to its consequential damages.  As the direct result of the Carrier Defendants' failure and refusal to timely pay Hudson's covered loss, Hudson has incurred substantial additional damage and loss.  Policy limits do not limit Hudson's ability to recover these damages.

82. Despite the fact that full payment of the $1,220,000.00 still outstanding for remediation/repair expense will exhaust Policy limits, Hudson is nonetheless entitled to recover the full measure of its business interruption loss beginning with the day when, pursuant to the Prompt Payment of Claims Act (Ch. 542, TEX. INS. CODE), the Carrier Defendants should have paid the claim in full based on the receipt of the documents, information and access reasonably requested from Hudson and required for the Carrier Defendants to make their decision on the Claim.  But for the Carrier Defendants' malfeasance and unwarranted delays in the claim-handling process, these damages would not have been incurred.

83. Additionally, and as the direct result of the Carrier Defendants' malfeasance and unwarranted delays in the claim-handling process, Hudson has been sued by its remediation/repair contractor, TPI.  In defense of this suit, Hudson has incurred costs—recoverable in this case as consequential damages— including, but not limited to, its attorneys' fees and costs of Court.

84. Pursuant to Ch. 542 of the Texas Insurance Code (a strict-liability statute), Hudson is entitled to penalty interest of 10.5%, per annum, on the amount of the Claim, beginning back on the 76th day following the Carrier Defendants' receipt of all items, statements, and forms reasonably requested

and required from Hudson in order for the Carrier Defendants to make their Claim decision. TEX. INS. CODE §§542.055, 542.058, 542.059; 542.060(c); TEX. FIN. CODE §304.003. In addition, Hudson is also entitled to recovery of its attorneys' fees expended and incurred in this prosecution of this Claim and those fees shall be taxed as part of the costs in this case. TEX. INS. CODE §542.060.

85. Hudson is similarly entitled to recover its actual damages, costs of Court, and attorneys' fees under Ch. 541 of the Texas Insurance Code (the Unfair Settlement Practices Act). Additionally, and based on Defendants' "knowing" conduct, Hudson is entitled to treble damages. TEX. INS. CODE §541.152(b).

86. For fraud, conspiracy to commit fraud, and Illinois Union's breach of its non-delegable common law duty of good faith and fair dealing to its insured, Hudson is entitled to recovery of additional, exemplary—i.e., punitive—damages, and is permitted to use evidence of Illinois Unions's net worth to assist the Jury in its calculation of the appropriate punitive amount.

87. In addition to these damages, Hudson is also entitled to recover prejudgment interest at the rate of 5.50% per annum beginning on the 181st day after it provided the Carrier Defendants with its first notice of suit (which it provided by letter dated May 10, 2018 from THE CHAKERIS LAW FIRM). TEX. FIN. CODE §304.003.

## WRITTEN DISCOVERY

### REQUESTS FOR DISCLOSURE

88. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants Illinois Union Insurance Company, CHUBB USA Claims, CHUBB North American Claims, Apex TITAN, Inc., Apex Companies, LLC, Clinton S. Jech, Darren G. Bowden, and Daniel A. Penaloza are required to disclose, within 50 days of service of this request, the information or material described in the TEXAS RULE OF CIVIL PROCEDURE 194.2.

## JURY DEMAND

89. Plaintiff hereby requests that all causes of action alleged herein be tried before a jury consisting of citizens residing in Fort Bend County, Texas.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recovers such sums as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the TEXAS INSURANCE CODE, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this cause, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for all such other and further relief, whether by law or at equity, to which it may show itself to be justly entitled.

Respectfully submitted,
THE COOK LAW FIRM, PLLC

By: /s/ Andrew C. Cook
Andrew C. Cook
State Bar No. 24057481
7324 Southwest Freeway, Suite 585
Houston, Texas  77074
Tel. (713) 401-2890
Fax (713) 643-6226
acc@texinsurancelaw.com

AND:

Sean H. McCarthy
State Bar No. 24065706
WILLIAMS HART BOUNDAS EASTERBY, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas  77017
Tel. (713) 230-2200
Fax (713) 643-6226
smccarthy@whlaw.com

ATTORNEYS FOR PLAINTIFF

Filed
9/25/2019 2:36 PM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Autumn Dolnik

# CIVIL PROCESS REQUEST FORM

> **FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING**
> **FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED**

**CASE NUMBER:** 19-DCV-266611                    **CURRENT COURT:** 400th

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): Plaintiffs Original Petition

**FILE DATE OF MOTION:** 09/12/2019

Month/          Day/          Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

1. NAME:  Illinois Union Insurance Company

   ADDRESS:  333 Guadalupe, Austin Texas 78701

   AGENT, (if applicable):  Texas Department of Insurance

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type):

**SERVICE BY** (check one):
- [ ] **ATTORNEY PICK-UP**          [ ] **CONSTABLE**
- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up:          Phone:
- [ ] **MAIL**                       [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
      Type of Publication:  [ ] **COURTHOUSE DOOR, or**
                            [ ] **NEWSPAPER OF YOUR CHOICE:**
- [x] **OTHER,** explain   We will perfect by private process. Please e-mail/Mail the Plaintiffs Original Petition and Citation to our office

### ATTENTION:  Effective June1, 2010

**For all Services Provided by the DISTRCT CLERKS OFFICE requiring our office to MAIL something back to the Requesting Party, we require that the Requesting Party provide a Self-Addressed Stamped Envelope with sufficient postage for mail back.  Thanks you,**

*************************************************************************************************

2. NAME:  Chubb USA Claims

   ADDRESS:  P.O. Box 5103, Scranton, PA 18505-0510

   AGENT, (if applicable):  CHUBB Environmental Risk Claims Manager

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (see reverse for specific type):

**SERVICE BY** (check one):
- [ ] **ATTORNEY PICK-UP**          [ ] **CONSTABLE**
- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up:          Phone:
- [ ] **MAIL**                       [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
      Type of Publication:  [ ] **COURTHOUSE DOOR, or**
                            [ ] **NEWSPAPER OF YOUR CHOICE:**
- [x] **OTHER,** explain   We will perfect by private process. Please e-mail/Mail the Plaintiffs Original Petition and Citation to our office

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME:  Andrew C. Cook                    TEXAS BAR NO./ID NO.  24057481

MAILING ADDRESS:  7324 Southwest Fwy Suite 585, Houston, TX 77074

PHONE NUMBER:  713   401-2890          FAX NUMBER:  682   200-2849
               area code   phone number                area code   fax number

EMAIL ADDRESS:  acc@texinsurancelaw.com cc: reception@texinsurancelaw.com

S:\FormsLib\Civil Bureau\Civ Fam Intake & Customer Svc\Civintake\Civil Process Request Form                    Rev. 5/7/10

Copy from re:SearchTX

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE.

SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____   AMENDED PETITION
_____   SUPPLEMENTAL PETITION

COUNTERCLAIM
_____   AMENDED COUNTERCLAIM
_____   SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____   AMENDED CROSS-ACTION
_____   SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____   AMENDED THIRD-PARTY PETITION
_____   SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____   AMENDED INTERVENTION
_____   SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____   AMENDED INTERPLEADER
_____   SUPPLEMENTAL INTERPLEADER

INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER

BILL OF DISCOVERY:

ORDER TO: _____
(specify)

MOTION TO: _____
(specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)

CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)

POSSESSION (PERSON)
POSSESSION (PROPERTY)

SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

Copy from re:SearchTX

**SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK**

**THE STATE OF TEXAS
NONRESIDENT
CITATION**

TO:    **CHUBB NORTH AMERICAN CLAIMS
10 EXCHANGE PLACE 9TH FLOOR
JERSEY CITY NJ  07302**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS ORIGINAL PETITION** filed on **September 12, 2019,** a default judgment may be taken against you.

The case is presently pending before the **400TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-266611**  and is styled:

**HUDSON CAPITAL, LLC VS ILLINOIS UNION INSURANCE COMPANY, CHUBB USA CLAIMS, CHUBB NORTH AMERICAN CLAIMS, APEX TITAN, INC, APEX COMPANIES, LLC, CLINTON S JECH, DARREN G. BOWDEN AND DANIEL A. PENALOZA**

The name and address of the attorney for **PLAINTIFF** is:

**ANDREW C COOK
THE COOK LAW FIRM PLLC
7324 SOUTHWEST FREEWAY SUITE 585
HOUSTON TX  77074
713-401-2890**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFFS ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 1st day of October, 2019.**

**DISTRICT CLERK BEVERLEY MCGREW WALKER
FORT BEND COUNTY, TEXAS**
Physical Address:
1422 Eugene Heimann Circle, Room 31004
Richmond, Texas 77469
Mailing Address:
301 Jackson Street, Room 101
Richmond, Texas 77469

By: _____
Deputy District Clerk **SALENA M JASSO**
Telephone: **(281) 341-3787**

**ORIGINAL**

19-DCV-266611                                        **400th Judicial District Court**
**Hudson Capital, LLC vs Illinois Union Insurance Company, Chubb USA Claims, Chubb North American Claims, Apex Titan, Inc, Apex Companies, LLC, Clinton S Jech, Darren G. Bowden and Daniel A. Penaloza**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20__, at _____ o'clock ____M.

Executed at _____, within the County of __

_____, at _____o'clock ___M. on the _____ day of _

_____, 20__, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ____ citation at $80.00 each  $_____

_____
_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                          (First, Middle, Last)

my date of birth is_____, and my address is _____,
                                                                       (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**ORIGINAL**
Citation (Original Petition) issued to Chubb North American Claims on 10/1/2019.

**SERVICE FEE NOT COLLECTED
BY DISTRICT CLERK**
**THE STATE OF TEXAS
NONRESIDENT
CITATION**

TO:   **CHUBB NORTH AMERICAN CLAIMS
10 EXCHANGE PLACE 9TH FLOOR
JERSEY CITY NJ  07302**

**NOTICE:**

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFFS ORIGINAL PETITION** filed on **September 12, 2019,** a default judgment may be taken against you.

The case is presently pending before the **400TH JUDICIAL DISTRICT COURT** of Fort Bend County sitting in Richmond, Texas. It bears cause number **19-DCV-266611**  and is styled:

**HUDSON CAPITAL, LLC VS ILLINOIS UNION INSURANCE COMPANY, CHUBB USA CLAIMS, CHUBB NORTH AMERICAN CLAIMS, APEX TITAN, INC, APEX COMPANIES, LLC, CLINTON S JECH, DARREN G. BOWDEN AND DANIEL A. PENALOZA**

The name and address of the attorney for **PLAINTIFF** is:

**ANDREW C COOK
THE COOK LAW FIRM PLLC
7324 SOUTHWEST FREEWAY SUITE 585
HOUSTON TX  77074
713-401-2890**

The nature of the demands of said **PLAINTIFF** is shown by a true and correct copy of the **PLAINTIFFS ORIGINAL PETITION** accompanying this citation and made a part hereof.

If this Citation is not served, it shall be returned unserved. Issued under my hand and seal of said Court, at Richmond, Texas, **on this the 1st day of October, 2019.**

> **DISTRICT CLERK BEVERLEY MCGREW WALKER
> FORT BEND COUNTY, TEXAS**
> Physical Address:
> 1422 Eugene Heimann Circle, Room 31004
> Richmond, Texas 77469
> Mailing Address:
> 301 Jackson Street, Room 101
> Richmond, Texas 77469
>
> By:_____
> Deputy District Clerk **SALENA M JASSO**
> Telephone: **(281) 341-3787**

**SERVICE**

19-DCV-266611                                    **400th Judicial District Court**
**Hudson Capital, LLC vs Illinois Union Insurance Company, Chubb USA Claims, Chubb North American Claims, Apex Titan, Inc, Apex Companies, LLC, Clinton S Jech, Darren G. Bowden and Daniel A. Penaloza**

### OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the _____ day of _____, 20___, at _____ o'clock ____M.

Executed at _____, within the County of ___

_____, at _____o'clock ___M. on the _____ day of _

_____, 20___, by delivering to the within named _____

_____, in person, a true copy of this citation together

with the accompanying copy of the petition, having first attached such copy of such petition to such copy

of citation and endorsed on such copy of citation the date of delivery.

Total fee for serving ___ citation at $80.00 each  $_____

_____
Name of Officer or Authorized Person

_____County, Texas

By:_____
Signature of Deputy or Authorized Person

*State day and hour and place of serving each person.

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable, or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____,
                                    (First, Middle, Last)

my date of birth is_____, and my address is _____

_____.
                                                                            (Street, City, Zip)

_____."

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the

day of _____.

_____
Declarant / Authorized Process Server

_____
(Id # & expiration of certification)

**SERVICE**

Filed
10/10/2019 2:27 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Donald Evans

Court Stamp Here

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | |
|---|---|
| | **District Court**<br>**Clerk of the District Court of Fort Bend County, Texas**<br>**Fort Bend County, Texas** |

| Plaintiff | Cause # |
|---|---|
| **HUDSON CAPITAL, LLC** | **19-DCV-266611** |

| Defendant(s) | Came to Hand Date/Time |
|---|---|
| **ILLINOIS UNION INSURANCE COMPANY; ET AL** | **10/09/2019       11:11 AM** |

| Manner of Service | Service Date/Time |
|---|---|
| **Personal** | **10/09/2019       5:00 PM** |

| Documents | Service Fee: |
|---|---|
| **SUMMONS; PETITION** | **$125.00** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **10/09/2019** at **5:00 PM** I served **SUMMONS and PETITION** upon **CHUBB USA CLAIMS** by delivering **1** true and correct copy(ies) thereof, with **CHUBB USA CLAIMS, by depositing in USPS mail Certified Return Receipt 7019 1120 0000 6610 5746** at **PO BOX 5103, SCRANTON, PA 18505-0510**.

null

My address is: **633 YESLER WAY, SEATTLE, WA 98104**, USA.

null

I declare under penalty of perjury that the foregoing, **RETURN OF SERVICE**, is true and correct.

Executed in _____ county, PA.

_____
Shaena Murray

_____
Date Executed

Ref  Hudson Capital, LLC (CHUBB)

**0043846672**



Tracking # 0043891427

Copy from re:SearchTX



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  CHJb6 U3 t ChuMS
Street and Apt. No., or PO Box No.  PO box 3105
City, State, ZIP+4®  Scruton PA  18507-0510

7019 1120 0000 6499 5746

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

Copy from re:SearchTX

Filed
10/14/2019 10:04 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Court Stamp Vanessa Vasquez

# RETURN OF SERVICE

Notice: This document contains sensitive data

| | |
|---|---|
| Court | **District Court**<br>**400th Judicial District**<br>**Fort Bend County, Texas** |

| | |
|---|---|
| Plaintiff<br><br>**HUDSON CAPITAL, LLC** | Cause #<br><br>**19-DCV-266611** |

| | |
|---|---|
| Defendant(s)<br><br>**ILLINOIS UNION INSURANCE COMPANY; ET AL** | Came to Hand Date/Time<br><br>**10/12/2019**   **2:15 PM** |

| | |
|---|---|
| Manner of Service<br><br>**Personal** | Service Date/Time<br>**10/12/2019**   **2:15 PM** |

| | |
|---|---|
| Documents<br><br>**SUMMONS; PETITION** | Service Fee:<br><br>**$87.50** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **10/12/2019** at **2:15 PM**: I served **SUMMONS and PETITION** upon **DARREN G BOWDEN** by delivering **1** true and correct copy(ies) thereof, with **DARREN G BOWDEN, Who accepted service, with identity confirmed by subject stating their name, a white male approx. 45-55 years of age, 5'8"-5'10" tall, weighing 200-240 lbs with gray hair with a beard** at **209 OAK CREEK DR, WAXAHACHIE, TX 75165**.

My name is: **Chris Warren**. My date of birth is: **8/17/1991**
My address is: **3119 Summer Grove Ct., Mansfield, TX 76063**, USA.
My process server identification # is: **PSC-13542**. My Certification expires: **2/29/2020**.
I declare under penalty of perjury that the foregoing, **RETURN OF SERVICE**, is true and correct.

Executed in ___Ellis_____ county, TX.

_____
Chris Warren

_____10/12/2019_____
Date Executed




Filed
10/14/2019 10:04 AM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Court Stamp Vanessa Vasquez

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | District Court<br>400th Judicial District<br>Fort Bend County, Texas | |
|---|---|---|
| Plaintiff | HUDSON CAPITAL, LLC | Cause #<br><br>19-DCV-266611 |
| Defendant(s) | ILLINOIS UNION INSURANCE COMPANY; ET AL | Came to Hand Date/Time<br><br>10/11/2019   3:52 PM |
| Manner of Service | Personal | Service Date/Time<br>10/12/2019   10:57 AM |
| Documents | SUMMONS; PETITION | Service Fee:<br><br>$77.50 |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **10/12/2019** at **10:57 AM**: I served **SUMMONS and PETITION** upon **CLINTON S JECH** by delivering **1** true and correct copy(ies) thereof, with **CLINTON S JECH, Who accepted service, with identity confirmed by subject saying yes when named, a black-haired white male approx. 25-35 years of age, 5'6"-5'8" tall and weighing 160-180 lbs with a mustache at 10238 DEERMONT TRAIL, DALLAS, TX 75243.**

My name is: **David Kuntze**. My date of birth is: **1/27/1949**

My address is: **1222 Dearborn Dr, Richardson, TX 75080**, USA.

My process server identification # is: **PSC12473**. My Certification expires: **1/31/2020**.

I declare under penalty of perjury that the foregoing, **RETURN OF SERVICE**, is true and correct.

Executed in ___Dallas___ county, TX.

David Kuntze

10/13/2019

Date Executed




Filed
10/14/2019 12:17 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Court Stamp Here Salena Jasso

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | **District Court**<br>**400th Judicial District**<br>**Fort Bend County, Texas** | |
|---|---|---|
| Plaintiff | **HUDSON CAPITAL, LLC** | Cause #<br>**19-DCV-266611** |
| Defendant(s) | **ILLINOIS UNION INSURANCE COMPANY; ET AL** | Came to Hand Date/Time<br>**10/11/2019      5:19 PM** |
| Manner of Service | **Personal** | Service Date/Time<br>**10/14/2019      12:03 PM** |
| Documents | **SUMMONS; PETITION** | Service Fee:<br>**$79.50** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **10/14/2019** at **12:03 PM**: I served **SUMMONS and PETITION** upon **ILLINOIS UNION INSURANCE COMPANY WHO MAY BE SERVED BY SERVING THE TEXAS COMMISSIONER OF INSURANCE** by delivering **1** true and correct copy (ies) thereof, with **ILLINOIS UNION INSURANCE COMPANY WHO MAY BE SERVED BY SERVING THE TEXAS COMMISSIONER OF INSURANCE, LEGAL DEPARTMENT, PERSON AUTHORIZED TO ACCEPT, who accepted service, with identity confirmed by subject stating their name, a gray-haired white male approx. 55-65 years of age, 5'10"-6'0" tall and weighing 160-180 lbs with glasses** at 333 GUADALUPE, AUSTIN, TX 78701.

My name is: **Paul B Logan**. My date of birth is: **3/10/1965**

My address is: **PO BOX 27585, Austin, TX 78755**, USA.

My process server identification # is: **PSC-9196**. My Certification expires: **9/30/2021**.

I declare under penalty of perjury that the foregoing, **RETURN OF SERVICE**, is true and correct.

Executed in ___Travis___ county, TX.

_____
Paul B Logan

___10/14/2019___
Date Executed



Filed
10/16/2019 10:51 AM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Court Stamp Here Salena Jasso

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | |
|---|---|
| **District Court**<br>**400th Judicial District**<br>**Fort Bend County, Texas** | |

| Plaintiff | Cause # |
|---|---|
| **HUDSON CAPITAL, LLC** | **19-DCV-266611** |

| Defendant(s) | Came to Hand Date/Time |
|---|---|
| **ILLINOIS UNION INSURANCE COMPANY; ET AL** | **10/12/2019**   **9:56 AM** |

| Manner of Service | Service Date/Time |
|---|---|
| **Substitute** | **10/15/2019**   **9:52 AM** |

| Documents | Service Fee: |
|---|---|
| **SUMMONS; PETITION** | **$79.50** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **10/15/2019** at **9:52 AM**: I served **SUMMONS and PETITION** upon **APEX COMPANIES, LLC c/o AGENT SOLUTIONS INC, RA** by delivering per T.R.C.P. Rule 106(b), **1** true and correct copy(ies) thereof, with **SOLUTIONS INC, RA, REGISTERED AGENT, who accepted service, with identity confirmed by subject saying yes when named, an Hispanic female approx. 35-45 years of age, 5'-5'4" tall, weighing 180-200 lbs with brown hair with an accent. Served to Diana Lilly** at **1701 DIRECTORS BLVD SUITE 300, AUSTIN, TX 78744**.

My name is: **Kelly Murski**. My date of birth is: **6/11/1963**
My address is: **3575 Far West BLVD Unit 27011, Austin, TX 78731**, USA.
My process server identification # is: **PSC5912**. My Certification expires: **10/31/2020**.
I declare under penalty of perjury that the foregoing, **RETURN OF SERVICE**, is true and correct.

Executed in ___Travis_____ county, TX.

_____
Kelly Murski

10/15/2019
_____
Date Executed


Copy from re:SearchTX



Filed
10/15/2019 10:23 AM
Beverley McGrew Walker
District Clerk
Fort Bend County, Texas
Court Stamp Here Salena Jasso

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | |
|---|---|
| **District Court**<br>**400th Judicial District**<br>**Fort Bend County, Texas** | |

| Plaintiff | Cause # |
|---|---|
| **HUDSON CAPITAL, LLC** | **19-DCV-266611** |

| Defendant(s) | Came to Hand Date/Time |
|---|---|
| **ILLINOIS UNION INSURANCE COMPANY; ET AL** | **10/12/2019     9:57 AM** |

| Manner of Service | Service Date/Time |
|---|---|
| **Personal** | **10/15/2019     9:52 AM** |

| Documents | Service Fee: |
|---|---|
| **SUMMONS; PETITION** | **$79.50** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **10/15/2019** at **9:52 AM**: I served **SUMMONS and PETITION** upon **APEX TITAN, INC c/o SOLUTIONS INC, RA** by delivering **1** true and correct copy(ies) thereof, with **APEX TITAN, INC c/o SOLUTIONS INC, RA, Who accepted service, with identity confirmed by subject saying yes when named, an Hispanic female approx. 35-45 years of age, 5'-5'4" tall, weighing 180-200 lbs with brown hair with an accent. Registered Agent Diana Lilly** at **1701 DIRECTORS BLVD SUITE 300, AUSTIN, TX 78744**.

My name is: **Kelly Murski**. My date of birth is: **6/11/1963**
My address is: **3575 Far West BLVD Unit 27011, Austin, TX 78731**, USA.
My process server identification # is: **PSC5912**. My Certification expires: **10/31/2020**.
I declare under penalty of perjury that the foregoing, **RETURN OF SERVICE**, is true and correct.

Executed in ___Travis___ county, TX.

_____
Kelly Murski

10/15/2019
_____
Date Executed

Ref  **Hudson Capital, LLC**
0043846212

 Cook Law Firm

Tracking # 0044102087


Copy from re:SearchTX

Filed
10/17/2019 9:45 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Court Stamp Here Salena Jasso

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | | |
|---|---|---|
| | **District Court**<br>**400th Judicial District**<br>**Fort Bend County, Texas** | |

| Plaintiff | Cause # |
|---|---|
| **HUDSON CAPITAL, LLC** | **19-DCV-266611** |

| Defendant(s) | Came to Hand Date/Time |
|---|---|
| **ILLINOIS UNION INSURANCE COMPANY; ET AL** | **10/11/2019     7:59 PM** |

| Manner of Service | Service Date/Time |
|---|---|
| **Personal** | **10/16/2019     6:57 PM** |

| Documents | Service Fee: |
|---|---|
| **SUMMONS; PETITION** | **$77.50** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **10/16/2019** at **6:57 PM**: I served **SUMMONS and PETITION** upon **DANIEL A PENALOZA** by delivering **1** true and correct copy(ies) thereof, with **DANIEL A PENALOZA, Who accepted service, with identity confirmed by subject saying yes when named, a white male approx. 45-55 years of age, 5'8"-5'10" tall, weighing 160-180 lbs with black/grayish hair with a goatee and glasses** at **2102 HAZARD STREET, HOUSTON, TX 77019.**

My name is: **Lyneria Woodland**. My date of birth is: **2/08/1985**
My address is: **12352 Huffmeister Rd Apt 7206, Cypress, TX 77429**, USA.
My process server identification # is: **PSC-14651**. My Certification expires: **5/31/2020**.
I declare under penalty of perjury that the foregoing, **RETURN OF SERVICE**, is true and correct.

Executed in _Harris_____ county, TX.

_____
Lyneria Woodland

_____
10/16/2019
Date Executed

Ref  **Hudson Capital, LLC**
**0043846207**

 **Cook Law Firm**

Tracking # 0044204006



Copy from re:SearchTX

Filed
10/21/2019 12:12 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Court Stamp Here Salena Jasso

# RETURN OF SERVICE

Notice: This document contains sensitive data

| Court | District Court<br>400th Judicial District<br>Fort Bend County, Texas | |
|---|---|---|
| Plaintiff | **HUDSON CAPITAL, LLC** | Cause #<br>**19-DCV-266611** |
| Defendant(s) | **ILLINOIS UNION INSURANCE COMPANY; ET AL** | Came to Hand Date/Time<br>**10/16/2019    2:49 PM** |
| Manner of Service | **Personal** | Service Date/Time<br>**10/16/2019    3:48 PM** |
| Documents | **SUMMONS; PETITION** | Service Fee:<br>**$125.00** |

I am certified under order of the Judicial Branch Certification Commission to serve process, including citations in Texas. I am not a party to or interested in the outcome of this lawsuit. My information: identification number, birth date, address, and certification expiration date appear below. I received and delivered the Specified Documents to Defendant as stated herein.

On **10/16/2019** at **3:48 PM**: I served **SUMMONS and PETITION** upon **CHUBB NORTH AMERICAN CLAIMS** by delivering **1** true and correct copy(ies) thereof, with **CHUBB NORTH AMERICAN CLAIMS, LEGAL ANALYST, PERSON AUTHORIZED TO ACCEPT, who accepted service, with identity confirmed by subject showing identification, a brown-haired black female approx. 45-55 years of age, 5'6"-5'8" tall and weighing 140-160 lbs** at Chubb North American Claims, 436 Walnut St, Philadelphia, PA 19106.

My name is: **Stephen Simpkins**. My date of birth is: **11/29/1974**
My address is: **2012 E. Arizona St., Apt 102, Philadelphia, PA 19125**, USA.
null
I declare under penalty of perjury that the foregoing, **RETURN OF SERVICE**, is true and correct.

Executed in ___Philadelphia___ county, PA.

_____
Stephen Simpkins

___10/20/2019___
Date Executed




Filed
11/1/2019 3:05 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Salena Jasso

## CAUSE NO. 19-DCV-266611

| | | |
|---|---|---|
| **HUDSON CAPITAL, LLC** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | |
| | § | **FORT BEND COUNTY, TEXAS** |
| **ILLINOIS UNION INSURANCE** | § | |
| **COMPANY, CHUBB USA CLAIMS,** | § | |
| **CHUBB NORTH AMERICAN** | § | |
| **CLAIMS, APEX TITAN, INC.,** | § | |
| **APEX COMPANIES, LLC,** | § | |
| **CLINTON S. JECH, DARREN G.** | § | |
| **BOWDEN, AND DANIEL A.** | § | |
| **PENALOZA,** | § | |
| *Defendants.* | § | **400TH JUDICIAL DISTRICT** |

### DEFENDANTS DARREN BOWDEN AND CLINTON JECH'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Darren Bowden and Clinton Jech, Defendants named in the above-entitled and numbered cause, and file this, their Original Answer, and for same would respectfully show unto the court as follows:

### I.    GENERAL DENIAL

1.    Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants Darren Bowden and Clinton Jech generally deny each and every, all and singular, material allegation contained within Plaintiff's Original Petition and demand strict proof thereof.

### II.    PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Darren Bowden and Clinton Jech respectfully pray that Plaintiff take nothing by reason of its suit herein, and that Defendants have such other and further relief, special or general, legal or equitable, as Defendants may show themselves justly entitled.

Dated:  November 1, 2019.                Respectfully submitted,

                                         **BROWN FOX PLLC**
                                         8111 Preston Rd., Suite 300
                                         Dallas, Texas 75225
                                         Phone: (214) 327-5000
                                         Fax: (214) 327-5001

                                         By: _/s/ David S. Denton_
                                         **DAVID S. DENTON**
                                         State Bar No. 24036471
                                         david@brownfoxlaw.com

                                         **ATTORNEYS FOR DEFENDANTS DARREN
                                         BOWDEN AND CLINTON JECH**


                              **CERTIFICATE OF SERVICE**

        This is to certify that a true and correct copy of the above and foregoing document was
served on Plaintiff, by and through its counsel of record, via eFile system on this 1st day of
November, 2019, in accordance with the Texas Rules of Civil Procedure.


                                         _/s/ David S. Denton_
                                         DAVID S. DENTON

Filed
11/8/2019 10:35 AM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Salena Jasso

NO. 19-DCV-266611

| | | |
|---|---|---|
| HUDSON CAPITAL, LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | FORT BEND COUNTY, TEXAS |
| | § | |
| ILLINOIS UNION INSURANCE | § | |
| COMPANY, CHUBB USA CLAIMS, | § | |
| CHUBB NORTH AMERICAN CLAIMS, | § | |
| APEX TITAN, INC., APEX COMPANIES, | § | |
| LLC, CLINTON S. JECH, DARREN G. | § | |
| BOWDEN, AND DANIEL A. | | |
| PENALOZA, | | |
| | | |
| Defendants. | | 400TH JUDICIAL DISTRICT |

### ORIGINAL ANSWER OF DEFENDANTS ILLINOIS UNION INSURANCE COMPANY, AND IMPROPERLY NAMED DEFENDANTS CHUBB USA CLAIMS AND CHUBB NORTH AMERICAN CLAIMS

DEFENDANT ILLINOIS UNION INSURANCE COMPANY and IMPROPERLY-NAMED DEFENDANTS CHUBB USA CLAIMS and CHUBB NORTH AMERICAN CLAIMS (hereinafter, "Defendants"), in the above-entitled and numbered cause, file this Original Answer in the above-captioned lawsuit and would show:

### GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 92, Defendants generally deny all of the allegations contained in Plaintiff's Original Petition, and any amendments and supplements thereto, and requests that this Court require Plaintiff to prove such allegations by a preponderance of the evidence as required by the Texas Constitution and by the statutes, laws, and Rules of Civil Procedure of the State of Texas.

**VERIFIED DENIAL**

For further answer, and pursuant to Tex. R. Civ. P. 93, Defendants assert that a defect exists as to the parties and specifically deny that Chubb USA Claims and Chubb North American Claims are proper defendants in this lawsuit. Chubb USA Claims and Chubb North American Claims are not the name of existing corporations and therefore they do not have the legal capacity to be sued or to be liable in the capacity in which they have been sued. As Plaintiff has incorrectly named Chubb USA Claims and Chubb North American Claims as Defendants, Defendant Illinois Union Insurance Company requests that Plaintiffs dismiss Chubb USA Claims and Chubb North American Claims from this lawsuit.

**REQUEST FOR DISCLOSURE**

Pursuant to Tex. R. Civ. P. 194, Plaintiff is requested to provide Defendants the information and documentation set forth in Rule 194 within 30 days of this request.

Dated: November 8, 2019

NORTON ROSE FULBRIGHT US LLP

*/s Daniel McNeel Lane, Jr.*

Daniel McNeel Lane, Jr.
State Bar No.  00784441
neel.lane@nortonrosefulbright.com
Frost Tower
111 W. Houston Street, Suite 1800
San Antonio, TX  78205
Telephone:     (210) 224-5575
Facsimile:      (210) 270-7205

ATTORNEYS FOR ILLINOIS UNION INSURANCE COMPANY AND IMPROPERLY NAMED DEFENDANTS CHUBB USA CLAIMS AND CHUBB NORTH AMERICAN CLAIMS

## CERTIFICATE OF SERVICE

This pleading, Original Answer of Illinois Union Insurance Company and Improperly Named Defendants Chubb USA Claims and Chubb North American Claims, has been served upon all counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on November 8, 2019:

Andrew C. Cook
The Cook Law Firm, PLLC
7324 Southwest Freeway, Suite 585
Houston, Texas 77074
acc@texinsurancelaw.com

Sean H. McCarthy
Williams Hart Boundas Easterby, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017
smccarthy@whlaw.com

*/s/ Daniel McNeel Lane, Jr.*

Daniel McNeel Lane, Jr.

STATE OF NEW JERSEY    §
                       §
COUNTY OF HUDSON       §

### **VERIFICATION**

Before me, the undersigned notary, on this day personally appeared Rachel Schulman, the affiant, a person whose identity is known to me. After I administered an oath, the affiant testified:

"My name is Rachel Schulman. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct. I have read Defendant Illinois Union Insurance Company's Original Verified Answer to Plaintiff's Original Petition, and the facts stated therein are within my personal knowledge and are true and correct."

FURTHER, AFFIANT SAYETH NOT.

_____
Rachel Schulman

SUBSCRIBED AND SWORN TO before me on the 7 day of November, 2019, to certify which witness my hand and seal of office.

_____
Notary Public in and for the State of New Jersey

TRACEY N. CASTLEY
NOTARY PUBLIC OF NEW JERSEY
Commission # 50101669
My Commission Expires 3/25/2024

- 4 -